UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIENNE LEWIS, by and on behalf of the minor child LIYAH ALEXANDRIA JOHNSON, | CIVIL ACTION:  3:16-CV-352-SDD-SCR |
| | JUDGE JOHN W. deGRAVELLES |
| VERSUS | |
| | MAGISTRATE JUDGE RICHARD L. |
| EAST BATON ROUGE PARISH; SHERIFF SID J. GAUTREAUX, III, ET AL | BOURGEOIS, JR. |

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Defendants, Sheriff Sid J. Gautreaux, III, ("Sheriff Gautreaux"), Lieutenant Colonel Dennis Grimes,("Warden Grimes"), Lieutenant Michael Duplessis, Deputy Avery Kujawa, Deputy Dalton Canezaro, and Corporal Cedric Buckner ("Individual Deputies") (sometimes collectively referred to herein as "Sheriff Defendants") filed a motion to dismiss certain claims asserted by Plaintiff, against them in the Amended Complaint pursuant to the FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

### A.  Attached Documents

In considering a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto."[2] However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon,* 748 F.3d at 635. Such documents are considered part of the pleadings.[3] If the court

---

[1] Plaintiff incorrectly lists Sgt. Anthony Broadway and Cpl. Perry Robertson as movers in the Motion to Dismiss pending before the Court. Plaintiff correctly notes that Sgt. Broadway and Cpl. Robertson were not served at the time the Motion to Dismiss was filed and that they waived service. The time delay has not run for Sgt. Broadway and Cpl. Robertson to file responsive pleadings.

[2] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.,* 748 F.3d 631, 635 (5th Cir.2014) (quoting *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000)).

[3] *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (citing *Collins*, 224 F.3d at 498–99)).

decides to consider matters outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment and all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Rule 12(d). The Affidavit of Linda Franks, Lamar Johnson's mother, attached to Plaintiff's opposition to motion to dismiss as Exhibit C is not referenced in the Amended Complaint and does not appear to be central to the Plaintiff's claims; and thus, should be excluded from consideration with regard to the Sheriff Defendants' Motion to Dismiss. The other exhibits were referenced in the Amended Complaint and may be considered central to the Plaintiff's claims; and thus, are considered part of the pleadings. To the extent that the exhibits reflect facts that are pleaded in the Amended Complaint, they may be considered by the Court. Therefore, it is not necessary for this Court to convert the motion to dismiss to a motion for summary judgment. Further, this matter is in its early stages of the litigation and no discovery has been conducted. Therefore, it would not be appropriate to convert the Sheriff Defendants' motion to dismiss to a motion to for summary judgment.

The Sheriff Defendants deny the vast majority of the factual allegations as set forth in Plaintiff's opposition and intend to address these factual allegations at the appropriate time. The purpose of the Motion to Dismiss is to request the Court to dismiss those claims for which Plaintiff has not set forth sufficient facts to state a claim that is plausible on its face.

### B.  Plaintiff fails to state a claim against Lieutenant Duplessis, Deputy Kujawa, Deputy Canezaro and Coropral Buckner in their official capacities.

Plaintiff makes claims against the Individual Deputies in both their individual and official capacities. However, the Individual Deputies are not final policy makers, and thus, Plaintiff does not have official capacity claims against them. Plaintiff argues that discovery is needed to clarify who is the final policymaker at the East Baton Rouge Parish Prison ("EBRPP"), and for what

specific issues.[4] The only allegation Plaintiff makes in her Amended Complaint against the Individual Deputies in their official capacity is that they each "acted as a final policy maker when they placed Mr. Johnson in an inappropriate wing of EBRPP and deprived Mr. Johnson of reasonable and adequate medical and mental health care, having been delegate the authority to do so by Sheriff **GAUTREAUX** and Warden **GRIMES."**[5] However, these allegations are allegations of wrongful acts by deputies employed by Sheriff Gautreaux and are insufficient to allege an official capacity claim against the Individual Deputies.

Plaintiff asserts that at least one trial court, after discovery, has determined Louisiana sheriffs may delegate policymaking authority to their staff, citing *Nagle v. Gusman,* 2016 WL 768588*8 (E.D. La. 2016).  In *Nagle,* the issue was not whether Louisiana sheriffs may delegate policymaking authority to their staff. Rather, the issue was whether Sheriff Gusman or the Orleans Parish Prison Medical Director had policymaking authority regarding the mental health treatment of Orleans Parish Prison ("OPP") inmates. The Orleans Parish Prison Medical Director was not a member of Sheriff Gusman's staff. The court cited La. R.S. 15:703(A) which provides that "[t]he governing authority of each parish shall appoint annually a physician who shall attend the prisoners who are confined in parish jails whenever they are sick." The law is clear that the Sheriff in his official capacity is the appropriate governmental entity responsible for any constitutional violations committed by his office. The Plaintiff has not alleged sufficient facts to state a claim that is plausible on its face against Lieutenant Duplessis, Deputy Kujawa, Deputy Canezaro and Coropral Buckner in their official capacities and thus, no discovery is necessary and the claims should be dismissed with prejudice.

---

[4] Rec. Doc. 38 page 7
[5] Rec. Doc. 27 paragraph 62

### C.  Lt. Duplesis is entitled to Qualified Immunity

Qualified immunity "protects government officials from 'liability for civil damages insofar as their conduct does not violate clearly established state or constitutional rights of which a reasonable person would have known.'"[6] Plaintiff's only factual allegation against Lt. Duplesis in her Amended Complaint is that he approved a disciplinary report prepared by defendant Buckner related to Mr. Johnson, which Plaintiff alleges was false and/or omits crucial facts. Plaintiff further alleges that in his report, Buckner fails to accurately reflect Mr. Johnson's emotional distress and instead seeks to punish Mr. Johnson for requesting that he be moved out of Q8.[7] Plaintiff asserts that discovery is needed to determine what Lt. Duplessis knew and when he knew it.[8]  However, Plaintiff does not assert what clearly established constitutional right Lt. Duplessis actually violated. Qualified immunity protects public officials sued in their individual capacities.[9] "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford."[10]

As the Fifth Circuit  explained in *Backe v. LeBlanc,* 691 F. 3d 645, 648 (5th Cir. 2012), "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *After* the district court finds a plaintiff has so pled, *if* the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those

---

[6] *Pearson v. Callahan,* 555 U.S. 223, 231, 1129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800,818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982))
[7] Rec Doc 27 ¶20
[8] Rec Doc 38 page 8
[9] *Turner v. Houma Municipal Fire and Police Civil Service Bd.,* 229 F.3d 478 (5th Cir. 2000).
[10] *Elliot v. Perez,* 751 F. 2d 1472, 1478 (5th Cir. 1985).

facts needed to rule on the immunity claim."[11]   Likewise, in the case cited by Plaintiff, *Hinojosa v. Livingston,* et al, 807 F. 3d 657 (5th Cir. 2015), any limited discovery on a qualified immunity claim cannot take place until the Court determines that the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity. Plaintiff fails to assert fact, which if true, would overcome Lt. Duplesis's defense of qualified immunity. Plaintiff has failed to allege facts to show that Lt. Duplessis violated a clearly established constitutional right of Mr. Johnson.

### D. Plaintiff Fails to State a Claim against Sheriff Gautreaux and Warden Grimes for Failure to Supervise

A supervisory official not personally involved in the alleged constitutional violation may be liable under a failure to train or supervise theory under § 1983 only if: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."[12]

Plaintiff does not address the Sheriff Defendants' argument that she has not alleged sufficient facts to meet the first two requirements of a failure to supervise claim. Plaintiff has not alleged with specificity how Sheriff Gautreaux and Warden Grimes supervision was defective or shown that a causal link exists between the failure to supervise and the violation of Mr. Johnson's rights.[13] Further, Plaintiff has not alleged sufficient facts to show that Sheriff Gautreaux or Warden Grimes' alleged failure to supervise amounts to deliberate indifference. Plaintiff has not alleged that Sheriff Gautreaux or Warden Grimes had actual knowledge that any

---

[11] See *Backe* at p. 648 citing *Lion Boulos v. Wilson,* 834 F. 2d 504, 507-508 (5th Cir. 1987).

[12] *Estate of Davis, 406 F.3d at 381; Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir.2001); *Brown v. Callahan,* 623 F.3d 249, 254 and fn. 1 (5th Cir.2010); *Vicknair,* 2013 WL 1180834 at *17 *citing Thompson, supra ., Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir.2005) and *Mesa v. Prejean,* 543 F.3d 264, 274 (5th Cir.2008)

[13] *Goodman v. Harris County,* 571 F. 3d 388, 395 (5th Cir. 2009)

alleged failure to supervise created a risk of serious harm. Further, Plaintiff has not alleged a pattern of failing to supervise.

Plaintiff asserts that she has alleged facts to meet the third prong of a supervisory liability claim that Sheriff Gautreaux and Warden Grimes acted with deliberate indifference. However, Plaintiff does not assert that Sheriff Gautreaux or Warden Grimes acted with deliberate indifference by failing to supervise their subordinates. Further, Plaintiff cites *Hinojosa v. Livingston,* 807 F. 3d 657 (5th Cir. 2015), a case that did not address a failure to supervise claim, but rather addressed the deliberate indifference standard required to show the violation of the 8th Amendment under a conditions of confinement theory.

Plaintiff asserts that Sheriff Gautreaux and Warden Grimes are not entitled to qualified immunity on her failure to supervise claim at this stage because she has pled sufficient facts to show that the EBRPP jail is a violent and dangerous place that violated Mr. Johnson's constitutional right to relative safety and access to mental health care. She asserts that at a minimum discovery should be granted to uncover what they know about the current conditions and when they knew it. [14]   Plaintiff ignores the fact that under an individual capacity failure to supervise claim, she has to allege facts to suggest that Sheriff Gautreaux and Warden Grimes' *conduct in supervising prison employees* was objectively unreasonable in light of clearly established law at the time of the violation. Since Plaintiff fails to assert facts, which if true, would overcome Sheriff Gautreaux and Warden Grimes' defense of qualified immunity, discovery should not be allowed and her individual capacity claims should be dismissed.

---

[14] Rec Doc 38 page 9

### E. Plaintiff Fails to State a Claim Against Sheriff Gautreaux and Warden Grimes in their Official Capacities

Plaintiff alleges that Sheriff Gautreaux and Warden Grimes are liable in their official capacity for unconstitutional conditions of confinement that deprived prisoners, including Mr. Johnson, of basic human needs, including physical safety and mental health care.[15] The reported cases of the Fifth Circuit have uniformly held that inmate suicides involve "episodic acts or omissions" claims rather than "conditions of confinement claims".[16]

A "conditions of confinement" case is a constitutional attack on general conditions, practices, rules or restrictions of pretrial confinement.[17]Hence, where a detainee complains of the number of bunks in a cell or his television or mail privileges, the wrong of which the detainee complains is a general condition of confinement.[18] In a condition of confinement claim, the court "may safely assume, by the municipality's very promulgation and maintenance of the complained-of condition, that it intended to cause the alleged constitutional deprivation.[19] In contrast, where the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an "episodic act or omission" case. In an "episodic act or omission" case, an actor is usually interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor, then points derivatively to a policy, custom, or rule of the municipality that permitted or caused the act or omission.[20]

---

[15] Rec. Doc. 27 ¶54

[16] *Flores v. County of Hardeman, Texas,* 124 F.3d 736, 738 (5th Cir.1997); See *Hetchler v. Rockwall Cty. Texas*, No. 3:08-CV-0551-B, 2009 WL 1160284, at *4 (N.D. Tex. Apr. 27, 2009

[17] *Scott v. Moore,* 114 F. 3d 51 (5th Cir. 1997)(*en banc)* citing *Hare v. City of Corinth,* 74 F. 3d 633 (5th Cir. 1996) (*en banc)*

[18] *Id.*

[19] *Id.*

[20] *Id.*

In this case, in support of her failure to protect claim, Plaintiff alleges that "Defendants Kujawa, Canezaro and J. Does #50-99 witnessed Mr. Johnson's extreme emotional distress and suicidal statements but chose to ignore his condition."[21] The complained of harm, the failure to protect Mr. Johnson from allegedly known suicidal tendencies, is an alleged particular omission by these defendants/prison guards.[22] However, Plaintiff does not state an official capacity claim because she does not allege that these defendants were acting *in accordance with an official policy or custom of the Sheriff's Office.*[23]

In support of her failure to provide mental health care claim, Plaintiff alleges that "Defendants Kujawa, Canezaro and J. Does #50-99 witnessed Mr. Johnson's extreme emotional distress and suicidal statements but failed to follow EBRPP policy by not transporting Mr. Johnson to mental health or any other health care professional, or otherwise seeking mental health care for Mr. Johnson."[24] The complained of harm, the failure to transfer Mr. Johnson to a mental health care professional, is an alleged particular omission by these defendants, prison guards. Rather than alleging that the state actors conduct was in accordance with an official policy or custom relating to the treatment of mentally ill in the EBRPP, Plaintiff alleges that these defendants failed to follow EBRPP policy. Therefore, Plaintiff's claims of failure to protect/ensure the safety of Mr. Johnson and failure to provide mental health care should be classified as episodic act claims. Plaintiff has failed to allege a policy, custom, or rule of the municipality permitted or caused the act or omission. Thus, Plaintiff has failed to state an official capacity claim against Sheriff Gautreaux or Warden Grimes.

---

[21] Rec Doc 27 ¶ 22

[22] Defendants Kujawa and Canezaro deny this claim but will address this allegation at a later time. The issue in the Motion to Dismiss is whether Plaintiff has made an official capacity claim against Sheriff Gautreaux and Warden Grimes.

[23] See *Flores* page 738.

[24] Rec Doc 27 ¶23

Respectfully submitted:

**ERLINGSON BANKS, PLLC**
*s/Catherine S. St. Pierre* _____
MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
TARA L. JOHNSTON (#28100)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone:  (225) 218-4446
Facsimile: (225) 246-2876

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2016, a copy of the foregoing Reply Memorandum

in Support of Motion to Dismiss was filed electronically with the Clerk of Court using the

CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing

system to counsel of record.


Baton Rouge, Louisiana, this  9th  day of November 2016.

*s/ Catherine St. Pierre*_____
Catherine St. Pierre