**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ADRIENNE LEWIS, by and on behalf of the minor child LIYAH ALEXANDRIA JOHNSON, | * | C/A No.: 3:16-cv-352-JWD-RLB |
| Plaintiffs, | * | JUDGE John W. deGravelles |
| VERSUS | * | |
| EAST BATON ROUGE PARISH; et al. | * | MAGISTRATE JUDGE Richard L. Bourgeois, Jr |
| Defendants. | * | |
| ********************************** | * | |

# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ADRIENNE LEWIS, by and on behalf of the minor child LIYAH ALEXANDRIA JOHNSON, | * | C/A No.: 3:16-cv-352-JWD-RLB |
| Plaintiffs, | * | JUDGE: John W. deGravelles |
| VERSUS | * | |
| EAST BATON ROUGE PARISH; et al. | * | MAGISTRATE JUDGE: Richard L. Bourgeois, Jr |
| Defendants. | * | |
| ******************************** | * | |

**AFFIDAVIT OF DAVID J. UTTER**

1. I am one of the lawyers representing Plaintiff in the matter of Lewis v. Gautreaux, et al. and am designated "lead attorney" for purposes of the local rules.

2. I have been involved in the investigation of the matter since its inception and drafted both the Complaint and Amended Complaint. In that investigation I have interviewed scores of individuals detained with Lamar Johnson, the decedent in this matter, and sought public records from every public agency with responsibility for the East Baton Rouge Parish Prison (EBRPP).

3. Since 1990, I have represented incarcerated individuals across the Deep South. I have interviewed hundreds if not over a thousand incarcerated individuals in over fifty (50) jails and prisons in Alabama, Florida, Louisiana, and Mississippi. In that time I have not encountered a jail like EBRPP.

4. One thing that stands out about the EBRPP is the uniformity with which the incarcerated individuals report about the conditions and treatment, and how the first-hand reports differ from official documents. For example, every incarcerated individual told

me that EBRPP guards rarely make rounds and monitor living areas. Yet the documents I obtained from public records contain notations by guards of regular, consistent monitoring of living units in the EBRPP.

5. The incarcerated individuals with whom I spoke who were detained in EBRPP the same time Mr. Johnson was detained reported medical care that clearly falls below acceptable constitutional standards. One complaint was a lack of access to medical care, including mental health care. Many incarcerated individuals told me that EBRPP staff routinely place acutely mentally ill detainees in isolation cells and ignore them.

6. Plaintiff intends to seek discovery that discloses what Defendant City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") officials knew about the health care provided at EBRPP and when they knew it. Publicly available documents indicate widespread knowledge of deficiencies in care at the highest levels of the City/Parish government. Depositions of the following former or current City/Parish employees will discover information that shows that the constitutionally deficient health care that caused Mr. Johnson's death was a persistent, widespread practice of city officials or employees, so common and well settled as to constitute a custom that fairly represents City/Parish policy: William Daniel, Chief Administration Officer, Office of the Mayor-President, John Price, Assistant Chief Administrative Officer, Office of the Mayor-President, Chad Guillot, Interim Administrator, Emergency Medical Services, Dennis Grimes, Warden EBR Parish Prison, Rintha Simpson, Interim Responsible Health Administrator, EMS, Dr. Bridges, Medical Director, Dr. Whitfield, Primary Care Provider, Dr. Blanche, Psychiatrist, Kristy Perry, Psych NP, B. Stine, RN, and Lisa Burns, LCSW.

7. In addition to depositions, Plaintiff intends to seek documents related to the medical and mental health care provided at EBRPP during the time Mr. Johnson was detained, including the operational policies and procedures, organizational chart, staffing levels, and actual staffing on the days Mr. Johnson was detained, and other documents related to the quality of health care, or lack thereof, delivered to EBRPP detainees by Prison Medical Services ("PMS").[1] Finally, via a number of public records' requests, Plaintiff has sought to no avail the following documents related to a PowerPoint dated June 8, 2016 titled "Report and Recommendations Clinical Operations at East Baton Rouge Parish Prison" by Health Management Associates:

> --As they relate to slide #5 "Methodology" please provide the questions asked, all response, and any and all notes, photos, and video from the interviews with the following individuals: William Daniel, Chief Administration Officer, Office of the Mayor-President, John Price, Assistant Chief Administrative Officer, Office of the Mayor-President, Chad Guillot, Interim Administrator, Emergency Medical Services, Dennis Grimes, Warden EBR Parish Prison, Rintha Simpson, Interim Responsible Health Administrator, EMS, Dr. Bridges, Medical Director, Dr. Whitfield, Primary Care Provider, Dr. Blanche, Psychiatrist, Kristy Perry, Psych NP, B. Stine, RN, Lisa Burns, LCSW, Capital Area LMSW (Jessica), Tracy Washington, LPN, EBR Parish Prison detainees (greater than 30), Correction Officers, Nursing staff, Clerical/Administrative staff;
>
> --All documents provided by East Baton Rouge Parish, the city of Baton Rouge, and East Baton Rouge Parish Prison officials to Health Management Associates listed in slide #6 "Methodology." To the extent any of the documents contain any individual medical information, please provide the documents with identifying personal information redacted;
>
> --The screening forms discussed in slide #8 "EBR Parish Prison Health Services Work Flow;"
>
> --The data, notes, factual findings, and any other information that led to the conclusion that determined that EBRPP is only meeting 36% of the actual medical needs and 61% of the actual mental health needs of its prisoners;

[1] Late last year the City/Parish contracted the provision of health care services to Correct Health, a private, for-profit company. Before then employees of Prison Medical Services, a City/Parish entity, provided health care to detainees in EBRPP.

--The data, notes, factual findings, and any other information that led to the conclusions contained in slide #16 regarding the inmate screening process at EBRPP;

--The data, notes, factual findings, and any other information that led to the conclusions contained in slide #17 regarding access to care at EBRPP;

--The data, notes, factual findings, photographs, video, and any other information that led to the conclusions contained in slide #23 regarding the physical plant findings by Health Management Associates.

8. The discovery Plaintiff intends to seek will preclude entry of summary judgment by proving a material factual dispute, namely whether on or about May 26, 2015, through May 30, 2015, there was a City/Parish policy or custom to provide inadequate medical and mental health care at the EBRPP by providing insufficient staff, inadequate facilities, and inadequate access to health care, including mental health care, to detainees, including Mr. Johnson. Defendant City/Parish's position taken in its Motion for Summary Judgment is that because Mr. Johnson never saw PMS officials or staff, they cannot be liable for his lack of treatment and death. Plaintiff's contention is that, by adopting, endorsing, funding, and implementing a policy and custom that provided inadequate medical and mental health care at the EBRPP, the Defendant City/Parish effectively denied access to care and caused his death. Defendant City/Parish cannot both create a system that denies access to care and then claim that, because Mr. Johnson failed to access the health care system, they are not liable for the unconstitutional system they created.

9. Discovery has not been had and cannot be obtained due to pending motions to dismiss filed by all of the Defendants. Further, no discovery has been permitted pursuant to this Court's Order dated September 27, 2016.

Pursuant to 28 U.S.C.A. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed on this 6th day of March, 2017.

DAVID J. UTTER
*Affiant*

Sworn to and subscribed before me this
6th day of March, 2017.

Notary Public- Kimberly A. Griffin