UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIENNE LEWIS, by and on behalf of
the minor child, LIYAH ALEXANDRIA
JOHNSON

v.

EAST BATON ROUGE PARISH, ET AL.

CIVIL ACTION

NO. 16-352-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 48) filed by Defendants, Corporal Robb and Sargent Broadway. The motion is opposed. (Doc. 53.) Defendants Robb and Broadway have filed a reply. (Doc. 54.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and the submissions of the parties and is prepared to rule. For the following reasons, the motion is denied as moot.

In the instant motion, Defendants Robb and Broadway seek to dismiss "i.) Plaintiff's Section 1983 claims against Corporal Robb and Sargent Broadway in their official capacities; [and] ii.) Plaintiff's claim for punitive damages against Corporal Robb and Sargent Broadway in their official capacities." (Doc. 48 at 1.) However, Plaintiff specifically represents in her opposition: "Plaintiff's Amended Complaint does not state any claim against Defendants Robb and Broadway in their official capacities. Plaintiff does, however, state claims against them for illegal and unconstitutional acts alleged to have been performed in their individual capacities." (Doc. 53 at 5.) As a result, because Plaintiff is not making the claims these Defendants are seeking to dismiss (i.e., claims against them in their official capacity), there are no such claims to dismiss, and the instant motion should be denied as moot.

However, the Court notes that the Plaintiff will be entitled to take discovery on the issue of whether there has been any sort of delegation of policymaking authority to Defendants Robb and Broadway. "[W]hether an official has been delegated final policymaking authority is a question of law for the judge, not of fact for the jury." *Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613, 617 (5th Cir. 1999) (citing *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)) (reversing district court's decision that plaintiffs survived summary judgment because there was an issue of fact as to whether chief of police was delegated final policymaking authority). *But see Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991) (remanding case to district court because, in addition to depending on issues of law, "the question whether the Board of Supervisors delegated to the Sheriff's Department the authority to make employment policy decisions involves unresolved issues of fact as well, and the district court made no factual findings with respect to such issues"); *Kujawski v. Bd. of Comm'rs of Bartholomew Cty., Ind.*, 183 F.3d 734, 739 (7th Cir. 1999) (reversing granting of summary judgment because "we believe that there remains a genuine issue of fact as to whether the Board had, as a matter of custom, delegated final policymaking authority to Parker with respect to community corrections employees"). Further, a "district court should . . . determine[] whether any such delegation had occurred as a matter of state law." *Gros*, 181 F.3d at 617.

Nevertheless, "[t]he sources of state law which should be used to discern which municipal officials possess final policymaking authority are 'state and local positive law, as well as "custom or usage" having the force of law.' " *Gros*, 181 F.3d at 616 (quoting *Jett*, 491 U.S. at 737, 109 S. Ct. 2702). Thus, in *Gros*, after explaining that "depositions were available to the district court as potential evidence of municipal customs or usages having the force of state law," the Fifth Circuit stated: "It was thus incumbent upon the district court to consider state and local

positive law as well as evidence of the City's customs and usages in determining which City officials or bodies had final policymaking authority over the policies at issue in this case." *Gros*, 181 F.3d at 616. The Fifth Circuit also noted (without definitively resolving the question):

> The Supreme Court has rejected the principle of a "de facto" policymaker. *See* [*City of St. Louis v. Praprotnik*, 485 U.S. 112, 131, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)]. Nonetheless, absent a contrary regulation or ordinance, a city council's or city manager's continuous refusal to exercise some theoretical authority to review a municipal official's policy decisions will, at some point, establish the municipal official as the final policymaking authority by custom or usage having the force of state law.

*Gros,* 181 F.3d at 616. All of this leads the Court to the conclusion that Plaintiff is entitled to conduct discovery to determine whether Defendants Robb and Broadway had, by virtue of " 'custom or usage' having the force of law," final policymaking authority.

Moreover, should this discovery reveal a possible claim against Defendants Robb and Broadway in their official capacity, Plaintiff would likely be granted leave to amend her complaint to assert such a claim. This would be the rule if the Court had granted the instant motion and dismissed Plaintiff's official capacity claim with prejudice. *See Brazier v. Great Atlantic & Pacific Tea Co.*, 256 F.2d 96, 99 (1958) (stating that, regardless of whether the district court states in the judgment that the dismissal was with or without prejudice, this did not change the rights that the plaintiff had to bring a new action "if new facts should be discovered"); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2373 (3d ed. 2017) ("Some courts have held that if new facts come to the attention of someone who has been dismissed under Rule 41(b), or that person alleges new facts for the first time, and it was the absence of these facts that made the first complaint defective, the earlier dismissal will not bar a second action."). The Court believes a similar result would be warranted here.

Accordingly,

3

**IT IS ORDERED** that the *Motion to Dismiss* (Doc. 48) filed by Defendants, Corporal Robb and Sargent Broadway is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on May 31, 2017.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**