UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIENNE LEWIS | CIVIL ACTION |
| VERSUS | NO. 16-352-JWD-RLB |
| EAST BATON ROUGE PARISH, ET AL. | |

## ORDER

Before the Court is Plaintiff's Motion to Compel the City of Baton Rouge / Parish of East Baton Rouge (R. Doc. 91) filed on March 9, 2018. The motion is opposed. (R. Doc. 97). Plaintiff has filed a Reply. (R. Doc. 109).

### I. Background

Adrienne Lewis, by and on behalf of the minor child L.A.J. ("Plaintiff"), filed this civil rights action regarding the arrest, incarceration, and death of Lamar Johnson while held at the East Baton Rouge Parish Prison. (R. Doc. 1; R. Doc. 27). The deadline to complete non-expert discovery is August 24, 2018. (R. Doc. 84).

On December 11, 2017, Plaintiff served her First Set of Requests for Production of Documents Directed to Defendant The City of Baton Rouge/Parish of East Baton Rouge (the "City-Parish"), which consists of 42 independent requests for production. (R. Doc. 91-3). The sole defense counsel enrolled at the time, Mr. Arthur H. Andrews, responded the next day by stating that "[i]t looks as though your discovery will take some time to address," and asked whether there would be any objection to any request for an extension of time to respond. (R. Doc. 91-6 at 1). Plaintiff's counsel, Mr. John Adcock, responded by stating he was amenable to extensions of time, but would prefer to discuss how much time was necessary after defense

counsel reviewed an attached proposed agreement regarding the production of electronically stored information ("ESI"). (R. Doc. 91-6 at 1-2).

On December 20, 2017, after other email exchanges and an initial discussion with defense counsel, Plaintiff's counsel provided three proposed "test searches" to obtain information responsive to the document requests, and a list of questions regarding the manner in which the searches were conducted and the results of the searches. (R. Doc. 91-8 at 1). Plaintiff's counsel represents that defense counsel "agreed to run the test searches," would send them to the City-Parish's Information Services ("IS") Department, and would check on the progress made the following week. (R. Doc. 91-2 at 3). Plaintiff's counsel further represents that defense counsel "did not request more time or express any reservation about meeting the deadline for furnishing Plaintiff with the [City-Parish's] answers to the Doc Requests." (R. Doc. 91-2).

On January 7, 2018, in response to Plaintiff's counsel's inquiries, Mr. Andrews provided the following response: "Here is Michael Schillage's email. He is co-counsel, or will be, and he can answer your questions, not I. I know Michael is here today drafting a brief to the 5th Cir [sic] that is dues [sic] Monday, so I doubt he has time for you. As for me, despite the fact that I haven [sic] idea what is going on or how you do it, I have a court appearance on a rule nisi and a status conference and a deposition, which leaves me out on Monday." (R. Doc. 91-8 at 2). Mr. Schillage then responded that the test searches were sent to the City-Parish's IS Department and that no responses were received. (R. Doc. 91-8 at 2-3).[1] Plaintiff's counsel requested a telephone conference. (R. Doc. 91-8 at 2). On January 9, 2018, defense counsel stated that the IS

---

[1] Unless otherwise indicated, the remaining correspondence in the record is between Mr. Adcock and Mr. Schillage, with other counsel at times copied to the correspondence. Mr. Schillage became counsel of record for the City-Parish on February 12, 2018. (R. Doc. 88).

Department had certain questions and that he would be available for a call that afternoon or the next day. (R. Doc. 91-8 at 4). Plaintiff's counsel represents that defense counsel did not request an extension of the January 10, 2018 deadline to provide a written response to Plaintiff's requests for production of documents. (R. Doc. 91-2).

On January 12, 2018, counsel held a telephone conference in which defense counsel conveyed to Plaintiff's counsel that the City-Parish's IS Department had not yet run any test searches, and that there were concerns regarding the expansiveness of ESI to be identified by the search terms. (R Doc. 91-9 at 1-2).

On January 19, 2018, Plaintiff's counsel confirmed that the City-Parish's "discovery responses were due over a week ago," conveyed frustration with the delay on running the test searches, and requested a date for when the City-Parish would produce the requested discovery. (R. Doc. 91-9 at 3-4).

On January 22, 2018, defense counsel provided "seven individualized searches by time restriction," and stated that it would take approximately two months to run the searches, followed by a review for privilege and confidentiality. (R. Doc. 91-9 at 4-5). Plaintiff's counsel responded with a series of questions about the proposed search terms and timeline. (R. Doc. 91-9 at 6).

On January 26, 2018, defense counsel stated that the IS Department was running searches on the last two of the seven proposed search terms, explained the time required to run the searches, and stated that he could not provide a timeline for the review of documents because it depended upon the quantity of documents obtained. (R. Doc. 91-9 at 7).

On January 29, 2018, defense counsel stated that the search of the two sets of search terms run by the IS Department returned "roughly 210,000 emails." (R. Doc. 91-9 at 8). Counsel then held another telephone conference, in which, among other things, defense counsel (Mr.

Schillage) stated that he was only working on the production of responsive e-mail ESI, and not "all ESI documents or all RFPs," and that on the December 20, 2017 telephone conference, Plaintiff's counsel stated that he "preferred that the [City-Parish] produce one finalized set of responses . . . rather than piecemeal responses requiring supplementation." (R. Doc. 91-9 at 10).

On February 1, 2018, Plaintiff's counsel inquired, among other things, about who was gathering non-email discovery, and requested production of any responsive documents already gathered. (R. Doc. 91-9 at 11-12). Plaintiff's counsel stated that "I do not think your client is meeting their discovery obligations consistent with the federal rules," and as mentioned during the telephone conference on January 29, 2018, that Plaintiff would "be filing a motion to compel." (R. Doc. 91-9 at 12).[2]

On February 2, 2018, counsel held another telephone conference in which Plaintiff's counsel informed defense counsel that Plaintiff had retained Bill Schiefelbein, an e-discovery expert, to coordinate a discussion with the City-Parish's IS Department, the terms of which counsel discussed in a series of e-mails on February 5-6, 2018. (R. Doc. 91-12).

On February 9, 2018, counsel, two IS Department representatives, and Mr. Schiefelbein held a telephone conference. (R. Doc. 97 at 3).

On February 21, 2018, Plaintiff's counsel requested the following information from defense counsel: "who is working on non-email related discovery, the progress of it and, with regard to the rolling discovery process, when we can expect to receive the first batch of discovery." (R. Doc. 91-9 at 12).[3]

---

[2] Plaintiff's counsel represents that he did not receive a response to this specific e-mail prior to filing the instant motion. (R. Doc. 91-2 at 10).
[3] Plaintiff's counsel represents that he did not receive a response to this specific e-mail prior to filing the instant motion. (R. Doc. 91-2 at 11).

On February 26, 2018, after additional discussions, Plaintiff's counsel provided "revised search terms" and defense counsel sent them to the IS Department. (R. Doc. 91-13).

On March 9, 2018, Plaintiff filed the instant motion to compel. (R. Doc. 91). Plaintiff argues that the City-Parish was required to provide a written response within 30 days of service of the document requests, or January 10, 2018, pursuant to Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure, and having failed to do so, has waived any objections to the discovery requests. (R. Doc. 91-1 at 3-5). Plaintiff also seeks an order establishing a timeline for production of responsive ESI, as well as an award of fees, on the basis that (1) defense counsel "has not participated in discovery and has not been responsive to inquiries about discovery in this case"; (2) the City-Parish "is simply not searching for 'non-email related' ESI"; (3) the City-Parish "will not provide a time frame for when Plaintiff can expect discovery responses"; (4) the City-Parish "has moved at a casual pace to answer discovery"; and (5) "ESI Discovery has been delayed such that Plaintiff had to pay to bring in an e-discovery expert." (R. Doc. 91-1 at 10).

On March 13, 2018, Plaintiff's counsel again sought information regarding the production of ESI material and identification of the individual(s) "working on non-email related discovery, the progress of it and, with regard to the rolling discovery process, when [Plaintiff] can expect to receive the first batch of discovery." (R. Doc. 109-3). Defense counsel responded solely regarding the search for ESI. (R. Doc. 109-5).[4]

On March 22, 2018, the City-Parish provided written responses to Plaintiff's document requests. (R. Doc. 97-5).

---

[4] After the filing of the instant motion, Plaintiff's counsel also attempted to obtain information regarding the City-Parish's discovery responses from Mr. Andrews. (R. Docs. 109-6, 109-7). Mr. Andrews responded by stating "Take the discovery issue up with [Mr. Schillage]" as the issue is "between the two of you." (R. Doc. 109-8).

5

In its opposition, the City-Parish argues that Plaintiff "amended" his document requests twice by sending proposed ESI search terms to the City-Parish on January 19, 2018, and February 26, 2018, respectively, so as to modify the deadline to respond to discovery requests pursuant to Rule 29(b) of the Federal Rules of Civil Procedure to March 28, 2018. (R. Doc. 97 at 4). Accordingly, the City-Parish argues that in light of the foregoing purported extensions, its written responses, objections, and productions on March 22, 2018 were timely, and the City-Parish has not waived its objections. (R. Doc. 97 at 4-6). The City-Parish further argues that Plaintiff has violated Rule 37(a)(1) by failing to hold a good faith discovery conference prior to filing the instant motion, and also violated Local Rule 37 by not identifying specific documents requests that are the subject of Plaintiff's motion to compel. (R. Doc. 97 at 6-7). Finally, the City-Parish requests a protective order precluding the disclosure of any ESI in response to Plaintiff's discovery requests. (R. Doc. 97 at 8).

In reply, Plaintiff argues that he never stipulated to an extension of the deadline to respond to the document requests, that he is clearly arguing the City-Parish failed to provide any timely responses, and that a party does not avoid sanctions by providing discovery responses after a motion to compel is filed. (R. Doc. 109 at 1-2). Plaintiff further argues that the City-Parish was not responsive regarding the issues raised with the proposed search terms. (R. Doc. 109 at 2-5). Plaintiff again argues that the City-Parish has waived its objections to the discovery requests, adding that additional sanctions may be warranted in light of the substance of the City-Parish's responses. (R. Doc. 109 at 5 and n.3). Finally, Plaintiff argues that a protective order regarding the discovery of ESI is unwarranted. (R. Doc. 109 at 6-7).

## II. Law and Analysis

### A. Compliance with Local Rule 37

Local Rule 37 provides that a party moving to compel responses to discovery requests must "quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto." LR 37. Plaintiff attached copies of the discovery requests to his motion. (R. Doc. 91-3). The City-Parish did not provide any written responses prior to the filing of the instant motion. Accordingly, the Court finds that Plaintiff sufficiently complied with Local Rule 37.

### B. Compliance with Federal Rule 37(a)(1)

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Plaintiff attached an 11-page declaration by Plaintiff's counsel detailing the correspondence between counsel from December 12, 2017 through February 22, 2018. (R. Doc. 91-2). Plaintiff's counsel certifies that the foregoing correspondence constitute "good faith attempts . . . to obtain the discovery responses without court action." (R. Doc. 91-1 at 3). After

7

the revelation on January 29, 2018 that Plaintiff's counsel's primary contact was only working on the production of responsive e-mail ESI, and not "all ESI documents or all RFPs," (R. Doc. 92-9 at 10), Plaintiff's counsel inquired about who was working on the collection of the non-email discovery and when it would be produced. (R. Doc. 91-9 at 12). Plaintiff's counsel represents that these inquiries were not answered. The City-Parish has not presented any evidence that they were. That said, counsel for both parties continued to communicate regarding the search protocols for the collection of responsive e-mails.

Having reviewed the correspondence between the parties, the Court concludes that Plaintiff has met the requirements of Rule 37(a)(1). Plaintiff's counsel made various attempts to determine when responses to the discovery requests would be provided, and raised the prospect of filing a motion to compel in communications prior to the filing of the instant motion. Plaintiff's correspondence with defense counsel indicates that Mr. Schillage was solely involved in discovery regarding the collection of e-mails, and that Mr. Andrews refused to take any meaningful role in the discovery process. Neither of the defense counsel directed Plaintiff's counsel to the individuals involved in the drafting of written responses to the discovery requests, the collection of non-email ESI, or the collection of any other responsive documents. While Plaintiff's counsel could have more explicitly discussed with defense counsel the City-Parish's failure to provide timely written responses prior to the production of documents, the correspondence in the record supports a finding that Plaintiff's counsel has made good faith efforts to obtain the discovery at issue without intervention by the Court.

### C. The City-Parish's Responses

Rule 34 provides, in relevant part, that "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . . A shorter or longer time may be

stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

There is no dispute that Plaintiff served the document requests at issue on December 11, 2017. Accordingly, absent stipulation or order of the court, the City-Parish had a duty to provide written responses on or before January 10, 2018.

The City-Parish's argument that the parties' negotiations regarding ESI protocol "materially altered" the underlying document requests or otherwise constituted a stipulation regarding the deadline to provide any written responses is unfounded. The City-Parish has not identified a single correspondence in which Plaintiff agreed to extend the deadline to provide a written response to the document requests. At most, the City-Parish engaged Plaintiff in formulating a plan for locating and producing responsive ESI. That the parties were engaged in negotiations for search protocols regarding the collection of ESI does not, without a stipulation, alter the deadline to provide written responses to the discovery requests. A list of ESI search terms is not a document request. While negotiations regarding how to collect and produce responsive ESI, with or without the involvement of the Court, is generally preferred in handling e-discovery issues, such negotiations do not relieve a party of its duty to respond to the actual requests for documents served pursuant to Rule 34.

While Rule 34(b)(2)(A) details when a written response must be provided, Rule 34(b)(2)(B) details the information that must or may be provided in a written response:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities <u>will be permitted</u> as requested or state

> with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it <u>will produce</u> copies of documents or of electronically stored information instead of permitting inspection. <u>The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response</u>.

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).  Rule 34(b)(2)(B) provides that the written response must identify what documents or ESI will be produced or otherwise identify, with specificity and reasons, the grounds for objection to the request.  As highlighted above, Rule 34(b)(2)(B) further provides that a complete production of non-privileged, responsive documents may occur after the provision of written responses.  Rule 34(b)(2) also provides the responding party the opportunity to object to specific parts of a request or the form for production of documents or ESI.  *See* Fed. R. Civ. P. 34(b)(2)(C)-(D).  Accordingly, Rule 34 clearly distinguishes between the deadline to provide a written response, including any objections, from the deadline to actually produce (or permit inspection) of documents or ESI if additional time is needed from the provision of the written response

Plaintiff's requests for production contains 42 specific requests for documents, and 7 pages of detailed instructions for the production of documents and ESI. (R. Doc. 9-3).  Given the scope of the document requests, it is unclear why the City-Parish did not formulate and provide its objections to these requests and ESI instructions, as required by Rule 34(b)(2), prior to engaging in detailed discussions regarding the search terms proposed by Plaintiff.  Defense counsel appears to have simply forwarded to the City-Parish's IS Department various detailed search terms proposed by Plaintiff's counsel without any consideration of whether the searches would obtain <u>information responsive to the actual document requests</u>, much less a narrower universe of documents consistent with the City-Parish's untimely objections to the discovery requests.

That the City-Parish provided untimely written responses after the filing of the instant motion does not necessarily render the instant motion moot, as the City-Parish and its counsel remain subject to sanctions. *See* Fed. R. Civ. P. 37(a)(5). Furthermore, "[a]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *see B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). A waiver of objections may occur even if written responses are provided after the filing of a motion to compel and prior to a ruling on such a motion. *See Aubin v. Columbia Cas. Co.*, No. 16-290, 2017 WL 1682661, at *6 (M.D. La. Apr. 25, 2017) (objections waived where written responses were provided over one month after the filing of the motion to compel).

Given the scope of information sought in the discovery requests, the ongoing discussions between counsel, the nature of the information sought, and the potential prejudice to the City-Parish, the Court will not find a waiver of objections in this instance. The City-Parish provided written responses within two weeks of service of the motion to compel. Furthermore, the correspondence in the record indicates that counsel for the parties have negotiated search protocols regarding the collection of responsive ESI since prior to the deadline to provide written responses. The City-Parish remains under a duty to supplement its responses under Rule 26(e).

That said, to the extent the City-Parish has raised objections solely as "general objections" without providing specific objections and reasons for objecting corresponding to specific document requests, those objections are insufficient and are waived. *See* Fed. R. Civ.

11

34(b)(2)(B) (objections must be made "with specificity" and include reasons); *see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."); *Wittmann v. Unum Life Ins. Co. of Am.*, No. 17-9501, 2018 WL 1912163, at *3 (E.D. La. Apr. 23, 2018) (ignoring general objections, "except insofar as they are specifically asserted in defendant's individualized response to particular discovery requests.").

Furthermore, it appears that the City-Parish has raised certain specific objections without identifying whether any documents have been withheld on the basis of those objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). Accordingly, the Court will require the City-Parish to provide a supplemental response identifying whether any information has been withheld pursuant to an objection. The supplemental response must also specifically identify any documents withheld on the basis of the attorney-client privilege, work product doctrine, or any other privilege or immunity in accordance with Rule 26(b)(5)(A) and Local Rule 26(c). The supplemental responses may not, however, raise any additional specific objections to specific requests for production not previously raised.

The Court recognizes that the City-Parish has not produced any responsive ESI and may still be in the process of identifying any non-privileged responsive ESI. Given the record, the Court will require the City-Parish to file into the record a certification identifying its efforts to identify and gather ESI (including non-email ESI) responsive to Plaintiff's document requests, including efforts made, if any, independent of those discussed with Plaintiff's counsel. Should

the search terms proposed by Plaintiff be untenable, that does not excuse Defendants from any reasonable efforts to identify responsive ESI. Any objections to such requests permitted by this Order shall specifically explain why the requests as proposed are objectionable and Defendants shall be prepared to offer alternatives at a subsequent conference. After the filing of this certification, the parties must again meet and confer to discuss the collection of responsive, non-privileged ESI, as well as the specific objections raised by the City-Parish in its written response. The requirements of this conference are set forth below

Finally, the Court finds no basis for issuing a protective order precluding the City-Parish from producing any responsive ESI. Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Considering the record, although possibly a valid basis to object and further confer with opposing counsel, the City-Parish's arguments in support of a protective order to prevent undue burden and costs are conclusory and unsupported.

### D. Sanctions Under Rule 37(a)(5)

The Court will grant Plaintiff's Motion to Compel to the extent it seeks an order requiring the City-Parish to supplement its responses and expediting the production of responsive ESI. Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, a court may apportion the reasonable expenses for the motion. The record demonstrates that defense counsel has delayed the production of responsive documents. Accordingly, the Court will require defense counsel to pay Plaintiff's reasonable expenses in bringing the instant motion.

13

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 91) is **GRANTED IN PART and DENIED IN PART**. The City-Parish shall provide supplemental written responses, as discussed in the body of this Order, within **7 days** of the date of this Order. Furthermore, the City-Parish shall file into the record a certification of its efforts to obtain responsive ESI, as discussed in the body of this Order, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing this Motion to Compel and that counsel for the City-Parish shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[5] defense counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendant shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

**IT IS FURTHER ORDERED** that within **14 days** of the date of this Order, counsel for the Plaintiff and the City-Parish shall hold a discovery conference to discuss the collection of

---

[5] The Court recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

14

responsive, non-privileged ESI, as well as the specific objections raised by the City-Parish in its written response.  **All counsel of record for Plaintiff and the City-Parish shall participate in the discovery conference**.  Any future Rule 37 certificate filed in this action must specifically set forth the following: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.  In the alternative, the Rule 37 certificate must detail the moving counsel's good faith attempts to confer with opposing counsel and provide evidence that opposing counsel refused to confer after reasonable notice.

Signed in Baton Rouge, Louisiana, on June 11, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE