# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ADRIENNE LEWIS                                    CIVIL ACTION

VERSUS                                            NO. 16-352-JWD-RLB

EAST BATON ROUGE PARISH, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Compel Against Sheriff Defendants (R. Doc. 113) filed on May 25, 2018.[1] The motion is opposed. (R. Doc. 119). Plaintiff has filed a Reply. (R. Doc. 129).

**I.      Background**

Adrienne Lewis, by and on behalf of the minor child L.A.J. ("Plaintiff"), filed this civil rights action regarding the arrest, incarceration, and death of Lamar Johnson while held at the East Baton Rouge Parish Prison ("EBRPP"). (R. Doc. 1; R. Doc. 27).

In the Amended Complaint, Plaintiff alleges that on May 26, 2015, Mr. Johnson was arrested after a routine traffic stop for tinted windows, held at the EBRPP on an arrest warrant for a non-violent charge, and sentenced to five days in prison. (R. Doc. 27 at 6-7). Plaintiff alleges that while confined, Mr. Johnson acquired and consumed synthetic marijuana called "mojo" and suffered paranoid delusions and extreme emotional distress. (R. Doc. 27 at 7). Plaintiff alleges that certain deputies named as defendants later physically attacked and pepper sprayed Mr. Johnson and moved him to a wing consisting of a row of solitary isolation cells, and that Mr. Johnson was again attacked while in solitary confinement. (R. Doc. 27 at 9-10). On May 30, 2015, Mr. Johnson was found hanging from his cell bars, and died a few days later at a local hospital. (R. Doc. 27 at 11).

---

[1] While the instant motion is directed to the "Sheriff Defendants" as a whole, the underlying discovery requests are directed solely to Sheriff Gautreaux.

Plaintiff alleges that Mr. Johnson "died as a result of both unconstitutional conditions of confinement and particular individual defendants' deliberate indifference to Mr. Johnson's constitutional rights." (Doc. 27 at 1). Plaintiff further alleges that the unlawful policies and practices at the EBRPP include "racial segregation of prisoner living areas, defects in physical design and manner of operation, including inadequate staffing, inadequate supervision techniques, poor sightlines, and inadequate monitoring of prisoner living areas that combined to result in frequent violence and a continuous pattern of constitutional deprivations for the prisoners in EBRPP, including Mr. Johnson." (R. Doc. 27 at 16).

On December 8, 2017, Plaintiff served her First Set of Requests for Production of Documents Directed to Sheriff Sid Gautreaux. (R. Doc. 113-3). This motion concerns Request for Production No. 11, which seeks copies of "personnel files" of medical, mental health, and security individuals employed in May and June of 2015. (R. Doc. 113-3 at 12). Sheriff Gautreaux objected to the request on the basis of relevance, disproportionality, over breadth, and confidentiality, but noted a willingness to "meet and confer" regarding the document request. (R. Doc. 113-4 at 4-5).

On February 15, 2018, the parties held a telephone conference in which defense counsel agreed to provide the personnel files of the deputies named as defendants, and subsequently narrowed the request further to security personnel on duty when Mr. Johnson was confined in EBRPP that are formally noticed for depositions. (R. Doc. 113-1 at 3).

On April 6, 2018, Plaintiff's counsel has identified over 50 potential non-party deputies as deponents. (R. Doc. 119-2 at 1-3).

On May 2, 2018, defense counsel reaffirmed the previous objection to producing personnel files of any non-defendant deputies. (R. Doc. 113-5).

On May 7, 2018, Plaintiff noticed the depositions of two deputies: Amos Thorton and Marcus Bradford. (R. Doc. 133-9). There is no dispute that these deputies worked in the areas of the EBRPP where Lamar Johnson was housed during his incarceration.

On May 25, 2018, Plaintiff filed the instant motion, which seeks production of personnel files of any non-defendant deputies who are noticed for a deposition. (R. Doc. 113).

On August 1, 2018, the Court held oral argument on the instant motion, as well as other related discovery motions, and suspended all discovery deadlines in this action. (R. Doc. 157). At oral argument, defense counsel represented that Lamar Johnson was held on two different tiers during his four days of incarceration.[2] Defense counsel further represented that portions of personnel files containing disciplinary and training reports and records could be pulled and produced from the deputies' personnel files. Furthermore, Plaintiff's counsel agreed to work with defense counsel on the submission of a joint motion for protective order governing the exchange of any confidential information produced in this action.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the

---

[2] Counsel did indicate that there may be some uncertainty as to Mr. Johnson's exact location during his incarceration.

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### B. Analysis

Having considered the written and oral arguments of the parties, the Court will require Sheriff Gautreaux to produce certain portions of the personnel files of non-defendant deputies who worked on the tiers on which Mr. Johnson was held during his four days of incarceration or otherwise had contact with or observed Mr. Johnson during his incarceration. Plaintiff has failed to establish the relevance, at this time, of any portions of personnel files of non-defendant deputies who had no access to the decedent. If through the course of discovery Plaintiff identifies specific bases for seeking additional personnel files, Plaintiff may file an appropriate timely motion seeking broader relief than provided by this Order.

Furthermore, with regard to non-defendant deputies who did have access to decedent, the Court will further limit Request for Production No. 11 to the portions of those deputies' personnel files containing disciplinary and training records. The Court finds no basis for

4

requiring the production of other sensitive biographical and employment information concerning non-parties to this action. Sheriff Gautreaux only need produce these documents to the extent the non-defendant deputy is noticed for a deposition.[3] At this point in time, the only documents required to be produced are the disciplinary and training records from the personnel files for Amos Thorton and Marcus Bradford. Sheriff Gautreaux must provide similar documents concerning any future deputies noticed as deponents in this action within a reasonable time of the deposition.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Against Sheriff Defendants (R. Doc. 113) is **GRANTED IN PART and DENIED IN PART**. Sheriff Gautreaux must produce the records identified in this motion after the entry of a protective order governing the exchange of confidential information in this action, but within a reasonable time prior to the depositions of any non-defendant deputies.

Signed in Baton Rouge, Louisiana, on August 9, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court reminds the parties that noticing a deposition solely to obtain such discovery, with no intention to take the deposition, will not be tolerated. In addition, absent a Court order, the number of depositions in excess to that permitted by Rule 30 will be subject to agreement between the parties.