UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIENNE LEWIS                                              CIVIL ACTION

VERSUS                                                      NO. 16-352-JWD-RLB

EAST BATON ROUGE PARISH, ET AL.

**ORDER**

Before the Court is Plaintiff's Third Motion to Compel Against Sheriff Gautreaux (R. Doc. 131) filed on July 9, 2018. Plaintiff filed several exhibits separately. (R. Doc. 132; R. Doc. 133). The motion is opposed. (R. Doc. 144). Plaintiff has filed a Reply. (R. Doc. 153).

**I.  Background**

Adrienne Lewis, by and on behalf of the minor child L.A.J. ("Plaintiff"), filed this civil rights action regarding the arrest, incarceration, and death of Lamar Johnson while held at the East Baton Rouge Parish Prison ("EBRPP"). (R. Doc. 1; R. Doc. 27).

The instant discovery dispute concerns the collection and production of electronically stored information ("ESI") responsive to Plaintiff's First Set of Requests for Production of Documents served on December 8, 2017. (R. Doc. 131-3). There is no dispute that Sheriff Gautreaux provided a timely written response to these discovery requests, in which Sheriff Gautreaux raised various specific objections and, with regard to certain requests, agreed to produce ESI after the parties have agreed on an ESI protocol. (R. Doc. 131-4).

On January 12, 2018, Plaintiff's counsel sent a set of ESI test search terms to defense counsel. (R. Doc. 131-5; R. Doc. 131-6). Counsel for the parties then engaged in various discussions regarding the ESI test search terms, culminating with Plaintiff's counsel providing

proposed final search terms on March 12, 2018, and the parties holding a conference on the ESI search protocol on March 17, 2018. (R. Doc. 131-7; R. Doc. 131-8; R. Doc. 131-9; R. Doc. 132-1; R. Doc. 132-2; R. Doc. 132-3; R. Doc. 132-4). After the conference, defense counsel provided a list of objections to Plaintiff's proposed search terms. (R. Doc. 132-5).

After Plaintiff's counsel complained that the foregoing objections could have been raised during the conference, the parties engaged in further discussions regarding the search terms and how the searches were conducted, culminating in another conference on May 17, 2018, in which defense counsel agreed to provide screen shots regarding the conducted searches, as well as producing certain ESI materials on a rolling basis. (R. Doc. 132-6; R. Doc. 132-7; R. Doc. 132-8; R. Doc. 132-9; R. Doc. 132-10; R. Doc. 132-11; R. Doc. 133-1). Defense counsel produced the screen shots, a search results chart, and privilege log. (R. Doc. 133-2; R. Doc. 133-3; R. Doc. 133-4; R. Doc. 133-5).

On June 6, 2018, Plaintiff's counsel raised various issues regarding how the ESI searches had been conducted. (R. Doc. 133-6). On June 14, 2018, defense counsel provided certain clarifications on how the searches were conducted and provided proposed revised search terms. (R. Doc. 133-7; R. Doc. 133-8). Defense counsel also requested further information regarding how certain search terms corresponded to actual requests for production. (R. Doc. 144-4). Plaintiff's counsel provided comments on June 29, 2018 and additional comments on July 3, 2018. (R. Doc. 133-9; R. Doc. 144-5). The parties held another telephone conference on July 5, 2018 to discuss the search terms and protocol. (R. Doc. 133-9; R. Doc. 133-10).

On July 6, 2018, Plaintiff's counsel provided screen shots indicating the results of the searches as proposed by Plaintiff. (R. Doc. 144-1).

On July 9, 2018, at 5:14 p.m., defense counsel sent an email requesting feedback on whether certain search terms should be included in the searches. (R. Doc. 144-2 at 2). Without responding to defense counsel, Plaintiff's counsel filed the instant motion at 5:57 p.m. (R. Doc. 131). The next day, Plaintiff's counsel provided feedback on the searches and screen shots. (R. Doc. 144-2 at 1).

On July 24, 2018, defense counsel provided Plaintiff's counsel with a memorandum containing comments and objections to Plaintiff's proposed search terms, and proposing alternative search terms. (R. Doc. 144-3).

Plaintiff now seeks an order finding Sheriff Gautreaux's objections to Plaintiff's proposed search terms as unwarranted and waived, and awarding attorney's fees and costs. (R. Doc. 131-1 at 15-16). Sheriff Gautreaux opposes the motion on the basis that the motion is premature, that Plaintiff has failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure, that Plaintiff has failed to comply with Local Rule 37, and that Sheriff Gautreaux's objections to certain ESI search terms and protocols are warranted. (R. Doc. 144). In reply, Plaintiff asserts, among other things, that Plaintiff's counsel complied with Rule 37(a)(1) in light of the July 5, 2018 conference and because any future attempt to hold a discovery conference "would likely prove futile." (R. Doc. 153 at 4-5).

On August 1, 2018, the Court held oral argument on the instant motion, as well as other related discovery motions. (R. Doc. 157). At oral argument, defense counsel indicated that it would take approximately another 2-3 weeks to reach an agreement on search terms and protocol, and that it would take approximately two months to collect, review, and produce ESI on a rolling basis. The Court suspended all discovery deadlines in this action, and ordered

counsel for Sheriff Gautreaux to submit a joint status reports on the efforts to complete ESI discovery by August 22, 2018. (R. Doc. 157 at 2).

## II. Law and Analysis

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Plaintiff's counsel did not submit a certificate pursuant to Rule 37(a)(1) indicating that he "in good faith conferred or attempted to confer" with opposing counsel prior to filing the instant motion. Instead, Plaintiff's counsel submits an affidavit providing that he was "unable to meet and confer" about the issues raised in the motion in light of the positions raised by defense counsel on July 6, 2018. (R. Doc. 131-2). The record indicates, however, that discussions between counsel regarding ESI searches and protocol were ongoing when the instant motion as filed. Indeed, less than one hour prior to the filing of the instant motion, defense counsel sent an email requesting feedback on whether search terms should be included in the searches. (R. Doc. 144-2 at 2). As suggested by the record, Sheriff Gautreaux represents that the instant motion was filed "without any forewarning . . . in the midst of ongoing negotiations on ESI protocol and search terms . . . ." (R. Doc. 144 at 7). Plaintiff does not controvert this representation.

4

Furthermore, in addition to violating Rule 37(a)(1), Plaintiff's counsel failed to meet the following requirement in the Court's Scheduling Order:

> Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

(R. Doc. 84 at 2). The record does not support a finding that defense counsel refused to confer with Plaintiff's counsel after reasonable notice.

## III. Conclusion

In light of the foregoing, the Court will deny the instant motion. The record indicates that while Sheriff Gautreaux could have been more diligent in working with Plaintiff regarding ESI protocols and developing search terms, the parties have engaged in meaningful negotiations regarding the collection, review, and production of responsive ESI in this action. This is not a situation in which the defendant has failed to provide timely written responses to discovery or otherwise failed to meaningfully engage in discussions regarding ESI discovery. Furthermore, as stated at oral argument, the Court will now be involved in assisting the parties in resolving further issues regarding ESI discovery.

To the extent that Plaintiff challenges any specific objections raised by Sheriff Gautreaux in response to specific discovery requests, the Court will address such issues to the extent raised by Plaintiff in a compliant motion to compel. Any future Rule 37 certificate filed in this action must specifically set forth the following: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues

5

were resolved by the parties. In the alternative, the Rule 37 certificate must detail the moving counsel's good faith attempts to confer with opposing counsel and provide evidence that opposing counsel refused to confer after reasonable notice.

**IT IS ORDERED** that Plaintiff's Third Motion to Compel Against Sheriff Gautreaux (R. Doc. 131) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 9, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**