UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIENNE LEWIS                                            CIVIL ACTION

VERSUS                                                    NO. 16-352-JWD-RLB

EAST BATON ROUGE PARISH, ET AL.

## ORDER

Before the Court is Plaintiff's Second Motion to Compel Against The City of Baton Rouge/ Parish of East Baton Rouge (R. Doc. 114) filed on June 5, 2018. The motion is opposed. (R. Doc. 150). Plaintiff filed a Reply. (R. Doc. 156).

**I.    Background**

Adrienne Lewis, by and on behalf of the minor child L.A.J. ("Plaintiff"), filed this civil rights action regarding the arrest, incarceration, and death of Lamar Johnson while held at the East Baton Rouge Parish Prison ("EBRPP"). (R. Doc. 1; R. Doc. 27).

On February 28, 2018, Plaintiff noticed the Rule 30(b)(6) deposition of the City-Parish to cover six topics. (R. Doc. 114-2). On March 21, 2018, the City-Parish designated Darryl Gissel as its Rule 30(b)(6) representative to testify on Topics 4, 5, and 6 on the Notice. (R. Doc. 114-3). At the commencement of the deposition, defense counsel stated that Mr. Gissel was "brand new [to the] administration, and he is probably not going to know much of anything." (R. Doc. 114-3 at 4). As predicted by his own counsel, Mr. Gissel was unable to meaningfully answer any questions on Topics 4, 5, and 6 of the Notice. (R. Doc. 114-3 at 6-10). There is no dispute that Mr. Gissel's testimony was insufficient.[1]

---

[1] In its opposition, the City-Parish stated that it was "as surprised and disappointed as plaintiff in Mr. Gissel's testimony." (R. Doc. 150 at 11). Given that defense counsel opened the deposition by stating that Mr. Gissel would

On March 26, 2018, Plaintiff noticed a second Rule 30(b)(6) deposition of the City-Parish to cover an additional topic. (R. Doc. 114-4). On April 25 2018, the City-Parish designated Rintha Simpson, the interim Prison Health Care Manager from September 2015 through April 2016, as its Rule 30(b)(6) representative to testify on this topic. (R. Doc. 114-5; R. Doc. 114-6; R. Doc. 114-7; R. Doc. 114-8; R. Doc. 114-9; R. Doc. 114-10). At the commencement of the deposition, defense counsel stated that Linda Ottesen, the Prison Health Care Manager from November 2008 through August 2015, was retired and unable to be located, acknowledging that "to a certain extent, whatever [Ms. Simpson] says is going to be speculative or may not be the true gospel. . . ." (R. Doc. 114-5 at 5-6). Plaintiff argues that Ms. Simpson's testimony was also insufficient, and that she did not review certain materials and interview certain individuals prior to the deposition. (R. Doc. 114-1 at 3-4). The City-Parish disputes that Ms. Simpson's testimony was inadequate. (R. Doc. 114-1 at 11-12).

On April 27, 2018, Plaintiff's counsel sent an email to defense counsel stating that the Rule 30(b)(6) depositions were insufficient, and requested the City-Parish to provide substitute representatives to avoid the need for Plaintiff to seek relief from the Court. (R. Doc. 114-12 at 2).

On May 16, 2018, defense counsel stated that he was prepared to have John Price appear as a supplemental Rule 30(b)(6) representative to testify on the matters for which Mr. Gissel was originally designated. (R. Doc. 114-12 at 16).

On May 31, 2018, Plaintiff's counsel responded by proposing that the City-Parish designate Ms. Ottesen, Mr. Price, and William Daniel as its Rule 30(b)(6) designees. (R. Doc. 114-12 at 15). The same day, defense counsel indicated that he would consider Mr. Daniel, that

---

probably not "know much of anything" on the topics for which he was designated to testify as a Rule 30(b)(6) representative, it is unclear how the City-Parish or defense counsel would have been surprised by Mr. Gissel's performance.

he was unable to contact Ms. Ottesen as he was unaware of her physical location, and that Mr. Price would have "[a]ccess to the council minutes that will help him get ready" for a Rule 30(b)(6) deposition. (R. Doc. 114-12 at 15).

On June 5, 2018, Plaintiff filed the instant Motion. (R. Doc. 114). Plaintiff seeks sanctions on the basis that the City-Parish has failed to designate and prepare proper Rule 30(b)(6) representatives to testify on the following four topics:

> 1. For the periods of 2015, 2014, 2013, and 2012: Provision of health care services, including mental health care, at the East Baton Rouge Parish Prison ("EBRPP"), including but not limited to, funding, recruiting, hiring, and supervision of health care staff at EBRPP, and the process and who is responsible for negotiating contracts, interagency agreements, or other formal and informal agreements to provide health care services at EBRPP. Please be prepared to discuss any changes implemented since 2015.
>
> 2. For the periods of 2015, 2014, and 2013: Loop Capitol, Health Management Associates (HMA): what was the decision-making process to hire them, what factors were considered, who participated in the studies, what actions were taken in response to their reports, and what documents were created or reviewed by individuals associated with the City/Parish.
>
> 3. For the periods of 2015, 2014, and 2013: Grand jury inspections of EBRPP: Whether and when any have been done, who decides whether they are done, and what happens after an inspection;
>
> 4. For the periods of 2015, 2014, and 2013: New jail: Efforts made by city/parish officials to pass tax/bond measures to construct a new jail.

(R. Doc. 114-1 at 1-2). Among other things, Plaintiff argues that the City-Parish abdicated its Rule 30(b)(6) responsibilities by not preparing the deponents with readily accessible materials or by interviewing former city officials, and that sanctions should be awarded up to and including an order precluding the City-Parish from defending the action on the foregoing topics. (R. Doc. 114-1 at 9-17).

In opposition, the City-Parish represents that various individuals deposed in their individual capacities have offered testimony on the foregoing topics, and provided certain

representations regarding "the collective knowledge" of the City-Parish. (R. Doc. 150 at 2-10). The City-Parish "admits that Mr. Gissel's deposition was wanting" and suggests that "John Price is available" to be deposed as stated in defense counsel's e-mails. (R. Doc. 150 at 11-12). The City-Parish further argues that Plaintiff has not complied with Rule 37(a)(1) by failing to meet and confer prior to filing the instant motion. (R. Doc. 150 at 13). Finally, the City-Parish represents that it is unable to locate Ms. Ottesen and that Ms. Simpson's deposition was mostly adequate. (R. Doc. 150 at 14-15).

On August 1, 2018, the Court held oral argument on the instant motion, as well as other related discovery motions, and suspended all discovery deadlines in this action. (R. Doc. 157). At oral argument, defense counsel represented that Mr. Price would be prepared to provide testimony as a Rule 30(b)(6) representative on all four topics at issue in this motion.

**II.     Law and Analysis**

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

Rule 37(d) provides that the Court may "order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's

4

deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Fifth Circuit has held Rule 37(d) sanctions are available where a designated Rule 30(b)(6) representative "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness," because under such circumstances, "the appearance is, for all practical purposes, no appearance at all.'" *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (district court did not abuse its discretion in awarding fees and costs under Rule 37(d)).

Rule 30(g) similarly provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1); *see also* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."). An award of fees and expenses under Rule 30(g) may be appropriate even where the deponent was physically present at a deposition. *See Greenwood v. Dittmer*, 776 F.2d 785, 790 (8th Cir. 1985).

Given the record, there is no dispute that Mr. Gissel was unprepared and/or unable to provide competent testimony on the three topics on which he was designated to testify as a Rule 30(b)(6) representative of the City-Parish. Accordingly, the Court will award sanctions pursuant to Rule 37(d), as recognized as permissible by the Fifth Circuit, but will limit those sanctions to

5

the sanctions delineated in Rule 30(g), namely Plaintiff's reasonable expenses, including attorney's fees, incurred by attending Mr. Gissel's deposition. The Court will leave it to the parties to determine the amount of appropriate expenses, unless court intervention is required to fix such expenses. *See*, *e.g.*, *Liberty Mut. Fire Ins. Co. v. Ford Motor Co.*, No. 15-5987, 2017 WL 67524, at *1 (E.D. La. Jan. 6, 2017) (granting motion to fix attorney's fees and costs awarded pursuant to Rule 30(g)(1)).

The Court will not, however, award any sanctions related to the deposition of Ms. Simpson. Plaintiff has not established that Ms. Simpson's testimony was so wholly insufficient as to establish that her deposition should be treated as a non-appearance for the purposes of awarding sanctions. Furthermore, defense counsel represented at oral argument that Mr. Price would be prepared to provide testimony as a Rule 30(b)(6) representative on all four topics at issue in this motion. Accordingly, any insufficiencies with regard to Ms. Simpson's testimony on any of the four topics remaining at issue can be addressed at the third Rule 30(b)(6) deposition involving Mr. Price.

The parties are encouraged to discuss appropriate materials and interviews with former and current employees (such as those identified in the City-Parish's opposition) in preparation for this third Rule 30(b)(6) deposition.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Second Motion to Compel Against The City of Baton Rouge/ Parish of East Baton Rouge (R. Doc. 114) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred by attending Darryl Gissel's deposition and that the City-Parish shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] the City-Parish shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendant shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

**IT IS FURTHER ORDERED** that the City-Parish must prepare and present John Price, or another appropriate representative, for a third Rule 30(b)(6) deposition on all four topics described in the body of this order. The deposition must take place at a time and place agreed upon by the parties prior to the close of discovery.

Signed in Baton Rouge, Louisiana, on August 9, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.