**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ADRIENNE LEWIS, by and on behalf of the minor child LIYAH ALEXANDRIA JOHNSON,       ) ) ) | |
| ) | CIVIL DOCKET NUMBER: |
| ) | 3:16-CV-352-JWD-RLB |
| Plaintiff,       ) | |
| ) | JUDGE: John W. deGravelles |
| VERSUS       ) | |
| ) | MAG: Richard L. Bourgeois, Jr. |
| EAST BATON ROUGE PARISH, ET AL.   ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant.       ) | |

**BRIEF IN OPPOSITION TO THE MOTION FOR A PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel, comes plaintiff Adrienne Lewis, by and on behalf of the minor child Liyah Johnson, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, respectfully requests that this Court deny the City of Baton Rouge/Parish of East Baton Rouge's ("The City") Motion to Terminate or Limit Deposition and/or for Protective Order.[1]

**I.   Introduction.**

This case arises out of Lamar Johnson's suicide at the East Baton Rouge Parish Prison ("EBRPP") four days after his arrest on a non-violent traffic violation. This Court found that Plaintiff has sufficiently pled that conditions at the EBRPP were a moving force behind Mr. Johnson's death.[2] Specifically, this Court concluded that "Plaintiff has made allegations that, if true, raise a reasonable expectation that discovery will reveal evidence showing that the conditions

---

[1] Rec Doc 173

[2] Rec Doc 78, p. 58.

1

at the EBRPP deprived Johnson of his basic human needs and amounted to punishment in violation of the Fourteenth Amendment."[3]

To this end, on October 7, 2018, Plaintiff served the City with a Notice to Take Deposition of City of Baton Rouge/East Baton Rouge Parish pursuant to Fed.R.Civ.P.30(b)(6).  Plaintiff directed the City to designate a representative or representatives who shall testify as to: (1) the City's subjective belief and opinion on the quality of health care in the EBRPP; (2) the City's subjective belief and opinion on the state of EBRPP's physical plant; (3) the City's subjective belief and opinion on the sworn testimony regarding the conditions of confinement and treatment of detainees at the time of Lamar Johnson's detention in EBRPP; and (4) the City's subjective belief and opinion on the findings by Health Management Associates.[4]

On October 18, 2018, the City filed a Motion to Terminate or Limit Deposition and/or for Protective Order.[5] Pursuant to the local rules, Plaintiff's opposition is due on November 8, 2018. *M.D. La. LR 7(f).*  Plaintiff files this opposition early with the hope that the Court can rule before the deposition, which is set for November 13, 2018.  The issue before the Court is whether, under Rule 30(b)(6), the City can be required to designate a representative or representatives to testify vicariously for the City as to its subjective beliefs and opinions.[6]

---

[3] *Id.*, at 60; *id.*, at 59 (There is "a reasonable expectation that discovery will lead to admissible evidence of exactly the type of 'pervasive pattern of serious deficiencies in providing for…basic human needs' contemplated by *Shepherd* and required for a Fourteenth Amendment violation.") (quoting *Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009)).

[4] Rec Doc 173-3

[5] Rec Doc 173

[6] Counsel for the City did not comply with the rule that parties meet and confer prior to filing motions for court intervention into discovery disputes. *Fed. R. Civ. P. 26(c).* The only communication post-notice of the deposition between counsel on this issue is the email correspondence attached to the City's motion. *Appendix A (affidavit of David J. Utter).* The last word from undersigned counsel prior to the filing of the motion at issue was the email from the undersigned that requested "the authority upon which the City attorney relies" and noting a willingness to confer. *Rec Doc 173-5, p. 3.* This Court can, on this basis alone, deny the motion. *Cangelosi v. New York Life Insurance*

**II.     Argument**

   A.    *Under Rule 30(b)(6), The City is Required to Designate a Representative or Representatives Who Will Speak on Behalf of The City, Providing not Only Facts but Also "Subjective Beliefs and Opinions."*

The Fifth Circuit Court of Appeals has been unambiguous: Parties may utilize a 30(b)(6) deposition to inquire into "subjective beliefs and opinions." "[W]hen a corporation produces an employee pursuant to a Rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends *not only to facts, but also to subjective beliefs and opinions.*"  *Brazos River Authority v. G.E. Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006) (emphasis added) (citations omitted).

Although at least one court has noted that there is a split amongst courts "whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories," *Radian Asset Assur., Inc. v. College of the Christian Bros.*, 273 F.R.D. 689, 691 (D.N.M. 2011), federal trial courts in our state follow *Brazos*. *Johnson v. Samsung Electronics America, Inc.,* WL 2847696, *5 (E.D. La. July 15, 2011) ("When a corporation produces an employee pursuant to a Rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions."); *Mayberry v. Wal-Mart Louisiana, LLC*, WL 420284, *2 (W.D. La. Jan. 29, 2015) (citing *Brazos River Authority v. G.E. Ionics, Inc.*, 469 F.3d at 433); *Leevac Shipbuilders, LLC v. Westchester Surplus Lines Ins. Co.,* WL 13049762, *3 (W.D. La. Oct. 26, 2015) (citing *Brazos*); *South Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, WL 1196604, *6 (E.D. La. Mar. 22, 2013) (citing *Brazos*); *Brown v. Transit Management of Southeast*

---

*Company,* WL 4975127, *2 (M.D. La. Sept. 15, 2016). Plaintiff requests full relief under the rules. *Fed. R. Civ. P. 26(c)(3).*

*Louisiana, Inc.*, WL 5119017, *7 (Oct. 27, 2011) (citing *Brazos*); *Imperial Trading Co., Inc. v. Travelers Property Cas. Co.*, WL 2242380, *9 (July 24, 2009) (citing *Brazos*).

Plaintiff seeks only to explore facts underlying the legal claims and theories in this litigation. To the extent that the City might raise legitimate objections, Plaintiff is willing to work to ensure her 30(b)(6) deposition is within the bounds of the rule. Indeed, Plaintiff and counsel for Defendant Sheriff Gautreaux are engaged in precisely the negotiations required by Rule 26(c) and this Court. *Appendix* B (email communication between counsel discussing limits on Plaintiff's similar 30(b)(6) deposition notice to the sheriff). Although the negotiations may ultimately fall short, at a minimum the issues will be narrowed by the time this Court's intervention is sought.

> B. *The City has already formed opinions and beliefs about the unsafe conditions at EBRPP and can comply with the notice of deposition without a vote of the Metropolitan Council.*

The City states in its Memorandum that it cannot comply with the Notice of Deposition without taking a series of policy votes. The Memorandum reads:

> Under the Plan of Government of the City of Baton Rouge/Parish of East Baton Rouge, the Metropolitan Council of East Baton Rouge is the governing body of the City/Parish and the Council is empowered to bind and obligate the City/Parish and create policy for it, see attached "Exhibit 4." This is all done by a majority vote of the Council. No one member can speak on behalf of the Council unless authorized to do so by a majority vote of the Council. This being said, the Metropolitan Council cannot have a "subjective belief" about any of the matters enumerated in the 30(b)(6) Notice …"

The City's claim that it cannot have a "subjective belief" about any of the matters enumerated in the 30(b)(6) Notice is without merit. As noted in her Amended Complaint, over three years ago City elected officials were expressing their opinions and beliefs about the medical care at EBRPP. *See, Rec Doc 27, p. 15* (Elected official complained about the decision to hire Health Management Associates (HMA) because "the council *already knows* about numerous problems" including understaffing, medical equipment shortages, and insufficient compensation

4

for medical professionals.) (emphasis added)).  In its August 2, 2017 ruling this Court determined that "this paragraph specifically sets forth actual or constructive knowledge of the understaffing and underfunding of the EBRPP by the City/Parish's policymaker, the parish council." *Rec Doc 77, p. 22*.

This Court has noted that Plaintiff has made other allegations that show knowledge by the City and Sheriff of their failures to maintain the jail and provide adequate health care to detainees. *See, e.g., Rec Doc 27, p. 15* (Sheriff Gautreaux cited as requesting a new jail "for years" and that "officials long ago identified the problem: a dilapidated facility that is ill-equipped to hold … mentally ill who are booked" and since 2013, at least four people died at the jail due to inadequate medical and mental health care.).  Construing the Amended Complaint in a light most favorable to the Plaintiff, this Court has held that the phrases "officials long ago identified" and "media reports" constitute constructive knowledge on the part of the City. *Id., p. 23*.  Furthermore, this Court held that the reports of other deaths constitute allegations that raise a "reasonable expectation that discovery will reveal relevant evidence on the issue of the City/Parish's knowledge." *Id.*

The City is under no obligation to take votes and set new policy to comply with the Notice of Deposition.  The City knew there were serious problems with health care at EBRPP prior to Mr. Johnson's arrival.  That is why the City hired HMA and fired the parish entity that was providing health care to detainees.[7]  Plaintiff seeks only to explore facts underlying the legal claims and theories in this litigation.  *Rec Doc 173-3*.  All four of the deposition topics can be addressed without the Metropolitan Council taking votes or setting new public policy.

---

[7] Indeed, the issue of unnecessary deaths at EBRPP continues to be a matter of great public concern.  At the September 26, 2018 Metropolitan Council meeting, a majority of councilmembers spoke out against the conditions and health care at EBRPP.  *See, e.g.,* https://batonrougela.swagit.com/play/09262018-940, at approximately 22 minutes and 48 seconds (Councilman Matt Watson notes "this prison is not getting any better without money being invested in it… the people there are not getting any better without training . . .").

> C.   Plaintiff has not asked the City to designate a "High-Ranking Government Official" to testify. Under Rule 30(b)(6) the onus is on the City to designate a representative or representatives who can present not only facts but also the City's subjective beliefs and opinions as to the unsafe conditions at EBRPP.

Citing *United States v. Morgan,* 313 U.S. 409, 61 S. Ct. 999, 85 L. Ed. 1429 (1941), the City argues in its Memorandum that "the United States Supreme Court has declared that the practice of calling high ranking government officials should be discouraged." *Rec Doc 173-1, p. 2.* This argument misses the mark: Plaintiff has not asked to take the deposition of "high-ranking government officials." Rule 30(b)(6) permits an organizational representative to testify during deposition about matters within the organization's knowledge. First-hand knowledge is not required. The City is obligated to educate its designee or designees to "the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos,* 469 F. at 433. It is not obligated to produce an elected official, only an educated witness or witnesses.[8]

## CONCLUSION

Wherefore, Plaintiff respectfully requests that this Court deny the motion for protective order and award her fees and costs.

Respectfully submitted this 29th day of October, 2018.

THE CLAIBORNE FIRM, P.C.

/s/ *David J. Utter*
DAVID J. UTTER
Louisiana Bar Number: 23236
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
*Appearing Pro Hac Vice*
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile

---

[8] Plaintiff has helpfully cited to specific information with which the City's designee can become knowledgeable. *Rec Doc 173-3, p. 2-4* (Plaintiff's 30(b)(6) notice citing to specific HMA documents).

LAW OFFICE OF JOHN N. ADCOCK

*/s/ John Adcock*_____
JOHN ADCOCK
Louisiana Bar No. 30372
P.O. Box 750621
New Orleans, LA 70175
(504) 233-3125 Telephone
(504) 308-1266 Facsimile
jnadcock@gmail.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the *Brief in Opposition to the Motion for a Protective Order* was electronically filed with the clerk of Court using the CM/ECF system on the 29th day of October, 2018. Notice of this filing will be sent by operation of the court's electronic filing system to counsel of record.

/s/ *David J. Utter*
DAVID J. UTTER