UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIENNE LEWIS, by and on behalf of the minor child LIYA ALEXANDRIA JOHNSON, <br><br> Plaintiff, <br><br> VERSUS <br><br> EAST BATON ROUGE PARISH, ET AL. <br><br> Defendant. | CIVIL DOCKET NUMBER: <br> 3:16-CV-352-JWD-RLB <br><br> JUDGE: John W. deGravelles <br><br> MAG: Richard L. Bourgeois, Jr. <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S FOURTH MOTION TO COMPEL THE
CITY OF BATON ROUGE / PARISH OF EAST BATON ROUGE**

NOW INTO COURT, through undersigned counsel, comes plaintiff Adrienne Lewis, by and on behalf of the minor child Liyah Johnson, and pursuant to Rules 26(b), and 37(a) of the Federal Rules of Civil Procedure and M.D. La. LR26(d)(1)[1], and respectfully requests that this Court grant Plaintiff's Fourth Motion to Compel the City of Baton Rouge/Parish of East Baton Rouge ("City") for the reasons stated in this Memorandum.

**I.   INTRODUCTION**

Plaintiff has requested training and discipline records from the personnel files of individual medical personnel.[2] The City takes the position that Plaintiff is entitled to the documents from the personnel files of nurses whom had contact with Lamar Johnson prior to his attempted suicide.

---

[1] On March 29, 2019, fact discovery closed. This Motion is timely because it is filed within seven (7) days after the discovery deadline and pertains to conduct occurring during the final seven (7) days of discovery. *M.D. La. LR(d)(1)*.

[2] The individuals have already been deposed. Plaintiff requires the documents for preparation of her expert reports, dispositive motions, and trial. This Motion is not intended to extend the current fact discovery deadline or other deadlines.

1

The training and discipline records from the personnel files Plaintiff has requested are not privileged, relevant to the subject matter in the pending action, and proportional to the needs of the case. Paintiff requests that this Court order the City to provide the discovery Plaintiff has requested and award Plaintiff fees incurred bringing this motion.

## II.     BACKGROUND

On May 26, 2015, Lamar Johnson ("Mr. Johnson") entered the East Baton Rouge Parish Prison ("Jail") after being detained during a routine traffic stop for tinted windows. He was arrested based on a hold by Jefferson Parish for a non-violent charge that was four years old. Four days later, on May 30, Mr. Johnson left the jail on a stretcher after he was found hanging from his cell bars. He died a few days later at a local hospital.[3]

After filing a Complaint on May 26, 2016,[4] Plaintiff filed an Amended Complaint.[5] This Court issued rulings on motions to dismiss on May 30, 2017, May 31, 2017, and August 25, 2017.[6] On January 29, 2019, after starting discovery and litigating a number of discovery motions, this Court issued an Amended Scheduling Order.[7] The deadline to complete non-expert discovery was March 29, 2019, *id.*, at 1, and trial is set for March 16, 2020. *Id.*, at 2.

On December 11, 2017, Plaintiff submitted her First Set of Requests for Production of Documents Directed to the City of Baton Rouge/East Baton Rouge Parish ("First RPD") seeking, *inter alia*, personnel files of health care staff working at the jail.[8] The City objected, claiming the documents were confidential pursuant to Louisiana state law and its constitution. *Id.* Almost toward the end of discovery, after Plaintiff gathered information from the City and other

---

[3] Rec Doc 27
[4] Rec Doc 1
[5] Rec Doc 27
[6] Rec Doc 71, 72, and 78
[7] Rec Doc 189
[8] Exh. A, Declaration of David Utter, dated April 4, 2019 ("Utter Decl."), ¶ 3.

2

defendants, Plaintiff timely served her Sixth Set of Requests for Production of Documents to the City of Baton Rouge/East Baton Rouge Parish ("Sixth RPD").[9]

The verbatim request at issue in this Motion is the requests for "the employment personnel file for" Kimberly Khosravian,[10] Thu Thu Fontenot, Casani or Casini Moton, and Michelle Antoine. *See, e.g. Exhibit B* (Sixth RPD ¶¶ 4, 5, 6, 12). On March 27, 2019, the City responded by providing responsive documents to one of Plaintiff's requests—the Professional Services Agreement between the City and Dr. Rani Whitfield—and objected to the rest, claiming the documents were confidential pursuant to Louisiana state law and its constitution.[11] The verbatim objections to all of Plaintiff's other requests was:

> "The City/Parish objects to the extent the request is overly broad and seeks irrelevant documentation not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, the City/Parish objects to the extent the request is vague and ambiguous such that it is indeterminable what the requester seeks. Further objecting, the request seeks the disclosure of public employee information, which is confidential and precluded from disclosure in accordance with La. Const. Art. 1, §5; La. Const. Art. 12, §3; La. R.S. 44:1, *et seq*; La. R.S. 40:2532."

*See, e.g. Exhibit C*, p. 4-8 (City of Baton Rouge/Parish of East Baton Rouge Responses to Sixth Set of Requests for Production of Documents).

On March 28, 2019, the parties conferred in person. The City agreed to partially produce some of the requested documents.[12] Plaintiff agreed to limit her request for discrete parts of the requested personnel files—disciplinary and training records.[13] On March 29, 2019, the City provided the disciplinary and training records from the personnel files of four individuals: Ebony

---

[9] Utter Decl., ¶ 4.
[10] At some point during the litigation and after Mr. Johnson's death, Ms. Khosravian changed her name to Kimberly Bates.
[11] Utter Decl. ¶ 5
[12] Utter Decl. ¶ 5
[13] Utter Decl. ¶ 6

White, Ivory Sterling, Rose Cain, and Linda Ottesen.[14]  On April 4, 2019, the City produced the requested documents from the personnel file of Beatrice Stines.[15]  The City refuses to produce documents from the files of "nurses whom only came into contact/had access to Mr. Johnson after his attempted suicide rather than prior to his attempted suicide." *See, e.g. Exhibit D*, p. 4 (March 29, 2019 email from Michael Schillage to David Utter and Will Claiborne).

With the exception of two depositions the parties and the Court have agreed to permit outside the fact discovery deadline of March 29, 2019, fact discovery has concluded.  Nonetheless, Plaintiff is entitled to the documents to prepare for her expert report, dispositive motions, and trial should neither party prevail at summary judgment.  The distinction made by the City between nurses who may have seen Lamar Johnson prior to his suicide attempt and nurses who saw him after the attempt is meaningless, for all the City's nurses on duty that day had a responsibility to provide care.  Plaintiff's counsel certifies that good faith attempts have been made to obtain the discovery responses without court action.[16]  Because Plaintiff is entitled to the discovery, this Motion follows.

### III.  STATEMENT OF FACTS

Plaintiff alleges that Mr. Johnson "died as a result of both unconstitutional conditions of confinement and particular individual defendants' deliberate indifference to Mr. Johnson's constitutional rights."[17]  Individuals detained in EBRPP at the same time as Mr. Johnson report that he suffered a psychotic breakdown and was in "extreme emotional distress . . . apparent to anyone within sight and sound of Mr. Johnson."[18]  "Although no official document available

---

[14] Utter Decl. ¶ 7
[15] *Id.*
[16] Utter Decl. ¶ 8
[17] Rec Doc 27, p. 1
[18] *Id.*, ¶ 18

4

through requests for public records notes that Mr. Johnson was in any emotional distress, according to interviews with individuals incarcerated with Mr. Johnson, Mr. Johnson was loudly, openly, and clearly in great emotional distress. Individuals incarcerated with Mr. Johnson who were eyewitnesses describe his condition as paranoid and suicidal, reporting specifically that Mr. Johnson was talking about killing himself, 'not wanting to live' and stating he 'couldn't take it anymore.'"[19] In depositions, not a single City medical professional on duty when Mr. Johnson was in the jail reported witnessing or documenting his behavior.

Plaintiff has requested limited portions of personnel files of nurses who were on scene when Mr. Johnson was detained in the unit where he hanged himself. Two of the nurses—Ebony White and Ivory Sterling—were noted as making pill calls on M01 when Mr. Johnson was there. *Exhibit D*, p. 4. Sheriff's documents reveal and depositions confirm that four of the nurses—Casani Moton, Thuthu Fontenot, Kim Bates, and Michelle Antoine—arrived on the scene on May 30, 2015 at 10:25 a.m. when Mr. Johnson was found hanging from a blanket at the jail. *See, e.g. Exhibit E* (copy of jail logbook indicating the four nurses arrived on the scene after Mr. Johnson was found).

Independent reports by the Emergency Medical Services personnel who arrived later questioned the jail's response to discovering Mr. Johnson, noting the "lack of communication from prison staff and lack of proper treatment, grossly affected EMS response and patient outcome." *See, e.g. Exhibit F*, p. 2 (May 31, 2015 EMS incident report by Jarrod Love). Clearly the training and possible discipline of medical staff from the City's personnel files of the nurses who failed to provide "proper treatment" is as important as the nurses who provided pill call on Mr. Johnson's

---

[19] *Id.*, ¶ 21

unit. Plaintiff is entitled, under the rules of discovery, to limited portions of the personnel files of City medical staff who had responsibility to care for Mr. Johnson.

## IV. LEGAL ARGUMENT

### A. The Legal Standard Under by Fed. Rule Civ. Proc. 26

The City objects to producing documents from the files of "nurses [whom] only came into contact/had access to Mr. Johnson after his attempted suicide" because the discovery is allegedly "not proportional to the facts, issues, defenses, or claims of this matter, and they are not reasonably calculated to lead to the discovery of admissible evidence."[20] *Exhibit D*, p. 4. Under the rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Orchestratehr, Inc. v. Trombetta*, 178 F.Supp.3d 476, 504-505 (N.D. Tx. 2016) (citing Fed. R. Civ. P. 26(b)(1)).

A party resisting discovery "bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation" or does not "fall within Rule 26(b)(1)'s scope of relevance." *Id.* at 505-06 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) and *Heller v. City of Dallas*, 303 F.R.D. 466, 483-93 (N.D. Tex. 2014)). Plaintiff's request for limited portions of the personnel files of the four nurses who appeared on the scene of Lamar Johnson's attempted suicide is relevant and proportional.

---

[20] As this Court noted during oral argument on previous motions to compel, since December 2015 the scope of discovery is not "reasonably calculated to lead to the discovery of admissible evidence." The 2015 amendments "restores the proportionality factors to their original place in defining the scope of discovery." *Fed. R. Civ. P. 26* Advisory Committee Notes (2015).

B.     *Under A Prior Order of This Court The Discovery Request is Relevant and Proportional*

Discovery has revealed that the City's own emergency responders found that the outcome from Mr. Johnson's hanging could have been different but for the "lack of proper treatment" provided by the City's nurses. *Exhibit F*, p. 2. Among the deficiencies were a lack of information on where Mr. Johnson was and if "additional resources" were needed depending on his condition. Upon arrival, "prison medical staff advised that the [patient] was deceased and they called for EMS to respond and contact the coroner." *Id.*, p. 1. Staff had no idea how long Mr. Johnson had been in cardiac arrest, did not have a C-collar placed on Mr. Johnson, and "were not maintaining C-spine alignment." *Id.*, pp. 1-2.

How the City's nurses were trained, especially on how to respond to emergencies and suicide attempts, is clearly important to Plaintiff's case. Although not named defendants, the nurses who responded clearly had access to and even responsibility for Mr. Johnson. This Court has previously ordered portions of "personnel files containing disciplinary and training records" of "deputies who worked on the tiers on which Mr. Johnson was held" be produced. *Rec Doc 159*, p. 4. The requested discovery relates not just to nurses who worked the tiers on which Mr. Johnson was held, but to nurses who laid hands on him upon discovering his body hanging from cell bars.

In addition to precedent established in this case, Plaintiff is entitled to the files under the law. *See, e.g. Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (sheriff deputies' personnel files that "could be central to the plaintiffs' effort to prove" First Amendment claims that "may be in the exclusive control of the opposing party" discoverable). This is true in civil rights claims as well. *See, Skibo v. City of New York,* 109 F.R.D. 58 (E.D. N.Y. 1985) (hundreds of civilian

7

complaint files against a police precinct discoverable in lawsuit alleging a pattern of civil rights abuses by law enforcement).

## IV.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant her motion to compel and order the City to provide training and discipline records from the personnel files of the nurses who arrived on the scene on May 30, 2015 at 10:25 a.m. when Mr. Johnson was found hanging from a blanket at the jail.

Respectfully submitted, this 4th day of April, 2018.

          THE CLAIBORNE FIRM, P.C.

          /s/ *David J. Utter*
          DAVID J. UTTER
          Louisiana Bar Number: 23236
          WILLIAM R. CLAIBORNE
          Georgia Bar Number: 126363
          *Appearing Pro Hac Vice*
          410 East Bay Street
          Savannah, Georgia 31401
          (912) 236-9559 Telephone
          (912) 236-1884 Facsimile

          LAW OFFICE OF JOHN N. ADCOCK

          */s/ John Adcock*
          JOHN ADCOCK
          Louisiana Bar No. 30372
          P.O. Box 750621
          New Orleans, LA 70175
          (504) 233-3125 Telephone
          (504) 308-1266 Facsimile
          jnadcock@gmail.com

          ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019 a copy of the foregoing *Memorandum in Support of Plaintiff's Fourth Motion to Compel the City of Baton Rouge/Parish of East Baton Rouge* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

                                                   /s/ *David Utter*
                                                 David Utter