# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| ADRIENNE LEWIS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-352-JWD-RLB |
| EAST BATON ROUGE PARISH, ET AL. | |

## <u>ORDER</u>

Before the Court is Plaintiff's Fourth Motion to Compel the City of Baton Rouge/Parish of East Baton Rouge ("City-Parish"). (R. Doc. 197). The motion is opposed. (R. Doc. 198).

## I.     Background

Adrienne Lewis, by and on behalf of the minor child L.A.J. ("Plaintiff"), filed this civil rights action regarding the arrest, incarceration, and death of Lamar Johnson while held at the East Baton Rouge Parish Prison ("EBRPP"). (R. Doc. 1; R. Doc. 27).

In the Amended Complaint, Plaintiff alleges that on May 26, 2015, Mr. Johnson was arrested after a routine traffic stop for tinted windows, held at the EBRPP on an arrest warrant for a non-violent charge, and sentenced to five days in prison. (R. Doc. 27 at 6-7). Plaintiff alleges that while confined, Mr. Johnson acquired and consumed synthetic marijuana called "mojo" and suffered paranoid delusions and extreme emotional distress. (R. Doc. 27 at 7). Plaintiff alleges that certain Sheriff Defendants later physically attacked and pepper sprayed Mr. Johnson and moved him to a wing consisting of a row of solitary isolation cells, and that Mr. Johnson was again attacked while in solitary confinement. (R. Doc. 27 at 9-10). On May 30, 2015, Mr. Johnson was found hanging from his cell bars, and died a few days later at a local hospital. (R. Doc. 27 at 11).

Plaintiff alleges that Mr. Johnson "died as a result of both unconstitutional conditions of confinement and particular individual defendants' deliberate indifference to Mr. Johnson's constitutional rights." (Doc. 27 at 1). Plaintiff further alleges that the unlawful policies and practices at the EBRPP include "racial segregation of prisoner living areas, defects in physical design and manner of operation, including inadequate staffing, inadequate supervision techniques, poor sightlines, and inadequate monitoring of prisoner living areas that combined to result in frequent violence and a continuous pattern of constitutional deprivations for the prisoners in EBRPP, including Mr. Johnson." (R. Doc. 27 at 16).

On February 26, 2019, Plaintiff served her Sixth Set of Requests for Production of Documents to the City-Parish. (R. Doc. 197-3). The City-Parish timely responded. (R. Doc. 197-4).

The requests for production sought the employment personnel files for fourteen individuals, as well as files created by the City-Parish containing documents related to Dr. Rani Whifield's work as a medical professional at EBRPP. (R. Doc. 197-3 at 12-13). The City-Parish objected to the requests on the bases of overbreadth, irrelevant, vagueness, ambiguity, and confidentiality, but produced the Professional Services Agreement between the City-Parish and Dr. Whitfield. (R. Doc. 197-4 at 4-10).

The parties conferred regarding the written discovery on March 28, 2019. (R. Doc. 197-1 at 3). Plaintiff limited her request to the disciplinary and training records in the files, and the City-Parish produced those records with respect to five individuals. (R. Doc. 197-1 at 3-4). The City-Parish refuses, however, to produce "the disciplinary and training records of Casani Moton, Thu Thu Fontenot, Kim Bates, and Michelle Antoine because this group of nurses only came into contact/had access to Mr. Johnson after his attempted suicide rather than prior to his

attempted suicide" and these post-attempted suicide contacts are not within the scope of discovery. (R. Doc. 197-5 at 5).

Plaintiff now seeks an order compelling production of "the training and discipline records from the personnel files of the nurses who arrived on the scene on May 30, 2015 at 10:25 a.m. when Mr. Johnson was found hanging from a blanket at the jail." (R. Doc. 197-1 at 8). Plaintiff argues that the training of these nurses, particularly how they respond to emergencies and suicide attempts, is within the scope of discovery even though they are not named defendants. (R. Doc. 197-1 at 7). Plaintiff seeks this information in support of a theory that "lack of proper treatment" from the responding nurses contributed to Mr. Johnson's death. (R. Doc. 197-1 at 7).

In opposition, the City-Parish argues that the discovery sought is not relevant or proportional to the needs of the case because Plaintiff has not alleged any medical malpractice or negligence claims against the City-Parish, and Plaintiff's "deliberate indifference" claims are limited to other defendants. (R. Doc. 198).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

**B.     Analysis**

Having considered the arguments of the parties, and the record, the Court concludes that the disciplinary and training records of Casani Moton, Thu Thu Fontenot, Kim Bates, and Michelle Antoine fall within the scope of discovery and must be produced.

In Count 2 of the Amended Complaint, Plaintiff alleges that the City-Parish violated Mr. Johnson's rights under the Eight and Fourteenth Amendment "by maintaining policies, patterns or practices that created unconstitutional conditions of confinement that deprived prisoners, including Mr. Johnson, of basic human needs, including physical safety and mental health." (R. Doc. 27 at 17). Plaintiff specifically alleges that the City-Parish "failed to provide appropriate medical and mental health services to EBRPP prisoners, including Mr. Johnson, who was individually harmed by the *de facto* policies and practices described above and resulted in Mr.

4

Johnson's death." (R. Doc. 27 at 18).  These allegations, as well as the allegations in Count 1 and Count 3, support a finding that the disciplinary and training records of nurses who arrived on the scene prior to Mr. Johnson's death are relevant to Plaintiff's claims.  Furthermore, given that the documents are readily available, the cost of production is low, and the nature of this action, the Court finds the discovery to be proportional to the needs of the case.  Any concerns with respect to confidentiality can be addressed by production of the documents in accordance with the protective order in this action.  The Court provides no ruling on whether the discovery will ultimately be admissible.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Fourth Motion (R. Doc. 197) is **GRANTED**.  The City-Parish shall produce the disciplinary and training records of Casani Moton, Thu Thu Fontenot, Kim Bates, and Michelle Antoine within **7 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on June 17, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**