# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ADRIENNE LEWIS**                                                         **CIVIL ACTION**

**VERSUS**                                                                                 **NO. 16-352-JWD-RLB**

**EAST BATON ROUGE PARISH, ET AL.**

## **ORDER**

Before the Court is Plaintiffs' Motion to Vacate and Reconsider Ruling Granting The City/Parish's Motion for a Protective Order. (R. Doc. 212). The motion is opposed. (R. Doc. 214). Plaintiffs filed a Reply. (R. Doc. 217).

On March 7, 2018, Plaintiff served a request pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure on the City of Baton Rouge/Parish of East Baton Rouge ("City-Parish") to allow Plaintiff's counsel and experts, Jeffrey Schwartz and Kathryn A. Burns, to inspect certain locations within the East Baton Rouge Parish Prison ("EBRPP"). (R. Doc. 200-3). This inspection occurred on April 28, 2018. (R. Doc. 200 at 2).

The deadline to complete non-expert discovery expired on March 29, 2019. (R. Doc. 198). Plaintiff did not timely seek an extension of this deadline for the purpose of conducting any additional site inspections.

On May 3, 2019, Plaintiff served a second request pursuant to Rule 34(a)(2) to allow Plaintiff's counsel and a new expert, Homer Venters, to inspect the same locations within the EBRPP on June 7, 2019. (R. Doc. 200-4). The City-Parish objected to the inspection, and filed a Motion for Protective Order to prevent the inspection on May 29, 2019. (R. Doc. 200). The City-Parish argued that the second site inspection would be cumulative, Dr. Venters has already

submitted an expert report after reviewing the notes, photographs, and other documentation obtained during the first site inspection, and the burden and expenses of a second site inspection outweigh any benefit. (R. Doc. 200-2 at 3-5). In opposition, Plaintiff argued that Plaintiff's counsel should be allowed to conduct a second site inspection with the presence of Dr. Venters because Dr. Venters was timely disclosed as an expert on April 5, 2019, Dr. Venters should be allowed to evaluate the EBRPP locations first-hand because that is required for expert qualification, and the City-Parish is not burdened because Dr. Venters is inspecting the EBRPP in another action also involving a suicide. (R. Doc. 202).

On June 17, 2019, after considering the arguments of the parties, the Court granted the City-Parish's motion for protective order on the basis that the discovery sought is untimely and cumulative. (R. Doc. 209). In so ruling, the Court stated that it appeared that the June 7, 2019 inspection by Dr. Venters in this action "did not go forward as scheduled" in light of the City-Parish's objections and the pending motion for protective order. (R. Doc. 209 at 1). The Court further observed that it appeared that "Dr. Venters has had the opportunity to inspect at least certain portions of the EBRPP in another action." (R. Doc. 209 at 5).

On June 19, 2019, the Court held a telephone conference in which Plaintiff's counsel represented that Dr. Schwartz and Dr. Burns will not present any expert opinions in support of Plaintiff's claims. (R. Doc. 211).

Plaintiff now argues that the Court should vacate its June 17, 2019 order because a second site inspection in fact occurred <u>in this action</u> over the City-Parish's objection. (R. Doc. 212-1 at 2). In support of this assertion, Plaintiff relies on an email from defense counsel dated June 7, 2019, which clearly states that "the City/Parish does not withdraw its objection and

motion by attending [the site inspection] today, which it is doing <u>for the purpose of the Zavala case only</u>." (R. Doc. 212-3) (emphasis added).

There is no dispute that Dr. Venters conducted a site inspection in the *Zavala* action[1] on June 7, 2019. Dr. Venters appears to have relied on his observations during that site inspection in submitting an addendum to his expert report in this action. (R. Doc. 212-4). The Court's June 17, 2019 order pertains to whether a second site inspection for the purposes of <u>this action</u> may occur in light of Rule 26(c) and expiration of the non-expert discovery deadline, not whether information collected in a site inspection conducted in another action may support a supplemental expert report in this action under Rule 26(e). To be clear, the Court's previous order did not preclude or limit any site inspection in the *Zavala* action, or otherwise address the use of any observations by an expert in that action with respect to the supplementation of expert reports in this action. That may be a dispute for another day. Accordingly, the Court finds no basis for vacating its June 7, 2019 order, which precluded a second site inspection from being conducted for the purposes of this action.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Vacate and Reconsider Ruling Granting the City/Parish's Motion for a Protective Order (R. Doc. 212) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 19, 2019.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] *See Maria Olga Zavala v. City of Baton Rouge/Parish of East Baton Rouge, et al.*, Civil Action No. 3:17-cv-656-JWD-EWD (M.D. La.).